LIFE INSURANCE COMPANY OF DETROIT *v.* BURTON.

1. JUDGMENT—COLLATERAL ATTACK—MOTION TO SET ASIDE SHERIFF'S SALE.

   After entry of decree for plaintiff in suit to reform an appeal bond, effect of sureties' motion to set aside sheriff's sale of sureties' property because equity court had lacked jurisdiction of the subject matter as the bond gave plaintiff an adequate remedy at law was to make a collateral attack upon the chancery decree.

2. SAME—COLLATERAL ATTACK—JURISDICTION.

   Generally, the proceedings of a court can be attacked collaterally if the court never acquired jurisdiction of the subject matter or the persons involved.

3. SAME—COLLATERAL ATTACK.

   When a court has acquired jurisdiction, its proceedings may be attacked only directly by appeal or by a bill in equity.

4. SAME—JURISDICTION—COLLATERAL ATTACK.

   All possible intendments will be made in support of a judgment rendered by a court having jurisdiction of the parties and subject matter, and only jurisdictional defects appearing on the face of the judgment record can be attacked collaterally.

5. EQUITY—JURISDICTION—REFORMATION OF INSTRUMENTS—ADDITIONAL RELIEF.

   A court of chancery is the proper forum to reform an appeal bond which, as filed, did not conform to terms of statute, and, having acquired jurisdiction for such purpose, could retain it in order that full and proper relief might be granted (3 Comp. Laws 1929, § 14530).

6. SAME—REFORMATION OF STATUTORY APPEAL BOND—DETERMINATION OF RENT DUE ON PREMISES WITHHELD.

   Chancery court which had jurisdiction to reform an appeal bond so as to conform to statutory requirements, where judgment incident to which bond had been filed was for restitution of

Direct and collateral attack, see Restatement, Judgments, § 11.
Equitable relief from a judgment, see Restatement, Judgments, § 112.

premises, also had jurisdiction to determine the amount of money due for rent since such determination was germane to the subject matter and main purpose of the bill of complaint (3 Comp. Laws 1929, § 14530).

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 13, 1943. (Docket No. 57, Calendar No. 42,355.) Decided June 30, 1943. Rehearing denied September 7, 1943.

Bill by Life Insurance Company of Detroit against William Burton and others for reformation of a bond given on appeal in summary proceedings and to fix amount due thereunder. Decree for plaintiff. Motion by Stana Predich to set aside levy and sheriff's sale made under decree. Motion denied. Stana Predich appeals. Affirmed.

*Clark, Klein, Brucker & Waples,* for plaintiff.

*Maurice D. Smilay,* for defendant Predich.

SHARPE, J. This is an appeal by Stana Predich from an order denying a motion to set aside a levy and sheriff's sale.

The material facts are not in dispute. As a result of certain litigation before a circuit court commissioner of Wayne county, the defendants became liable upon a statutory appeal bond executed January 28, 1937, in the sum of $6,600. The purpose of the surety bond was to stay proceedings before the circuit court commissioner during the prosecution of an appeal and for the further purpose of insuring the collection of the fair rental value of the premises during the period when plaintiff might unlawfully be denied restitution of the premises.

In the proceedings before the circuit court commissioner and the circuit court, Simon Freedman

was the plaintiff. He later assigned his interest in the surety bond to the Life Insurance Company of Detroit, a Michigan corporation, and plaintiff herein. On September 29, 1938, plaintiff insurance company filed a bill of complaint in the circuit court of Wayne county for a reformation of the surety bond so as to declare the defendants liable to pay the rental value of the premises during the time that the premises were retained by the defendant William Burton against the rights of Simon Freedman and for the further purpose of determining the rental value of the premises during the period of wrongful occupation. Defendants Darinka Radich and Stana Predich, the sureties on the bond, entered their appearance and filed an answer to plaintiff's bill of complaint in which they denied that plaintiff was entitled to any relief in a chancery court on the theory that plaintiff had an adequate remedy at law.

On February 26, 1940, the trial court entered a decree in which it is provided:

"2. A certain bond, a copy of which is attached to the plaintiff's bill of complaint, and the original of which is on file with the clerk for the county of Wayne, State of Michigan, be and the same hereby is reformed so as to contain a condition and covenant on the part of the principal and sureties therein, they being the defendants in this case, that 'if plaintiff obtain restitution of the said premises in said suit, the said William Burton will forthwith pay the rental value thereof during the time the same has been retained by the defendant, to the plaintiff for the premises described in the complaint, up to the time the said plaintiff shall obtain possession thereof.'

"3. The defendants herein are hereby held to be liable jointly and severally to pay, and they shall forthwith pay to the plaintiff, the sum of $3,970, the

amount of the plaintiff's damages, together with the sum of $21 hereby taxed as the plaintiff's costs; and the plaintiff shall have execution according to the rules and practice of this court for the collection of the said sums of money, and the interest thereon at the rate of five per cent. per annum after this date.

"4. The total liability of the defendant William Burton under the decree entered herein and under the decrees herewith simultaneously entered in Wayne county chancery causes No. 282,398 and No. 282,400 is hereby limited to the said sum of $3,970, plus the costs herein taxed and interest upon said sum which may hereafter accrue.

"5. The total liability of the defendant Darinka Radich (also known as Narenka Radich) under the decree entered herein and under the decrees herewith simultaneously entered in Wayne county chancery causes No. 282,398 and No. 282,400 is hereby limited to the sum of $1,370, plus the costs herein taxed and interest upon which said sums of money which may hereafter accrue."

Pursuant to this decree, execution was levied upon certain real estate belonging to Stana Predich in Wayne county and on February 25, 1941, a sheriff's sale was held pursuant to the writ of execution. In September, 1941, Stana Predich filed a motion to set aside the sheriff's levy and sale and alleged as a reason therefor that the chancery court lacked jurisdiction of the subject matter in the suit to reform the bond. On December 22, 1941, the trial court denied the motion. On January 14, 1942, a motion was made to set aside the December, 1941, order and for a rehearing of the motion to set aside the sheriff's sale. This motion was also denied and defendant Stana Predich appeals and alleges that the chancery court lacked jurisdiction of the subject

matter because the bond was sufficient under the statute to give plaintiff a full, complete and adequate remedy at law.

The effect of the motion to set aside the sheriff's sale was to collaterally attack the decree of the chancery court reforming the surety bond.

In *Adams* v. *Adams,* 304 Mich. 290, we said:

"The general rule is that the proceedings of a court can be attacked collaterally if the court never acquired jurisdiction of the subject matter or the persons involved. It is also the rule that when the court has acquired jurisdiction, its proceedings may be attacked only directly by appeal or by a bill in equity."

In *Curtis* v. *Board of Supervisors of Charlevoix County,* 154 Mich. 646, 656, we said:

"The court having jurisdiction of the parties and subject matter, all possible intendments will be made in support of the judgment, and only jurisdictional defects appearing on the face of the judgment record can be attacked collaterally."

In the case at bar, it cannot be denied that the court had jurisdiction of the sureties on the bond as they appeared and filed an answer to the bill of complaint; and it must be admitted that as a general rule a court of equity has the power to reform a written instrument.

That portion of the bond for which plaintiff sought reformation reads as follows:

"The further condition of this obligation is such, that in case the said Simon Freedman shall obtain restitution of the premises described in this complaint in this suit, if the said William Burton shall forthwith pay all the rent due or to become due this complainant for the premises above described, up

to the time said complainant shall obtain restitution thereof, then this obligation to be void, otherwise to remain in full force and virtue.''

The decree of the chancery court reformed the bond to read:

''If plaintiff obtain restitution of the said premises in said suit, the said William Burton will forthwith pay the rental value thereof during the time the same has been retained by the defendant, to the plaintiff for the premises described in the complaint, up to the time the said plaintiff shall obtain possession thereof.''

The bond as filed contains no affirmative promise on the part of the principal and the sureties to pay the fair rental value of the premises during the time defendant Burton had possession of the same. The bond as filed did not conform to the terms of 3 Comp. Laws 1929, § 14530 (Stat. Ann. § 27.1456). It was the duty of Burton to furnish such a bond as is prescribed by statute. A court of chancery was the proper forum to reform the written instrument and having acquired jurisdiction to reform an instrument, it may retain it in order that full and proper relief may be granted.

The relief granted by the chancery court of determining the amount of money due plaintiff for rent is germane to the subject matter and main purpose of the bill of complaint. The decree is affirmed, with costs to plaintiff.

Boyles, C. J., and Chandler, North, Starr, Wiest, and Bushnell, JJ., concurred. Butzel, J., concurred in the result.