SS AIRCRAFT COMPANY v PIPER AIRCRAFT CORPORATION

Docket No. 89076. Submitted January 6, 1987, at Detroit. Decided April 20, 1987. Leave to appeal applied for.

On February 19, 1981, a Piper Cheyenne aircraft crashed while making an approach for a landing at the Oakland-Pontiac Airport. All three occupants, Joseph Ninowski, Daniel Ninowski and Dean Spencer, were killed. On January 27, 1983, wrongful death actions were filed on behalf of the estates of Daniel and Joseph Ninowski against S.S. Aircraft Company, Piper Aircraft Corporation and other defendants in the Wayne Circuit Court. The complaints alleged that S.S. Aircraft, as owner of the airplane, was negligent in the operation and maintenance of the aircraft and that Piper negligently and in breach of warranty designed, manufactured and sold the aircraft in a defective condition. Thereafter, Piper filed a motion for a change of venue and on May 10, 1983, the two complaints were transferred to the Oakland Circuit Court and assigned to Judge Robert L. Templin. On February 15, 1984, the personal representative of Dean Spencer filed a wrongful death action in the Wayne Circuit Court, which was also transferred to the Oakland Circuit Court and consolidated for discovery purposes with the Ninowski suits. On September 21, 1984, S.S. Aircraft filed a cross-claim against Piper in the wrongful death actions, seeking indemnity and contribution. On January 15, 1985, S.S. Aircraft filed a motion for leave to amend its cross-complaint against Piper to recover for the damages to its aircraft. Piper

REFERENCES

Am Jur 2d, Judgments §§ 621 *et seq.*

Am Jur 2d, Products Liability §§ 909, 918 *et seq.*

Time of discovery as affecting running of statute of limitations in wrongful death action. 49 ALR4th 972.

Products Liability: personal injury or death allegedly caused by defects in aircraft or its parts, supplies, or equipment. 97 ALR3d 627.

Statute of limitations: when cause of action arises on action against manufacturer or seller of product causing injury or death. 4 ALR3d 821.

See also the annotations in the Index to Annotations under Judgments, Orders, and Decrees.

filed a response and argued that amendment was futile because the claim was barred by the applicable statute of limitations. On February 6, 1985, Judge Templin, after a hearing, denied the motion to amend. Following the denial, S.S. Aircraft on February 13, 1985, commenced an action in the Oakland Circuit Court alleging a products liability cause of action as well as claims for indemnity and contribution. The case was assigned to Judge Templin. On June 5, 1985, Piper filed a motion to strike the claims for indemnity and contribution on the ground that they were duplicative of the claims S.S. Aircraft was pursuing against Piper as cross-claims then pending in the wrongful death actions. In addition, Piper sought summary disposition on the products liability claims due to the running of the period of limitations. Judge Templin granted Piper's motion in its entirety. S.S. Aircraft appealed.

The Court of Appeals *held:*

1. In part, plaintiff's appeal is an attempt to collaterally attack Judge Templin's ruling in the wrongful death cases. The issue of whether the court in the wrongful death suits erred in denying S.S. Aircraft's motion to amend was not properly before the Court of Appeals.

2. The trial court did not abuse its discretion in granting summary disposition based on the statute of limitations. The period of limitation begins to run in a products liability case when the plaintiff discovers or through the exercise of reasonable diligence should have discovered that he had a possible cause of action. Thus, the period of limitation began to run on February 19, 1981, the date of the crash.

Affirmed.

1. JUDGMENTS — FINALITY OF JUDGMENTS.

The decision of a court having jurisdiction is final when not appealed and cannot be collaterally attacked; the rule against collateral attack applies to both orders and judgments.

2. LIMITATION OF ACTIONS — PRODUCTS LIABILITY.

The period of limitations begins to run in a products liability case when the plaintiff discovers or through the exercise of reasonable diligence should have discovered that he had a possible cause of action.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Ernest R. Bazzana* and *C. Barry Wetherington*), for plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Michelle A. Thomas*), for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Plaintiff S.S. Aircraft Company appeals from a November 6, 1985, circuit court order which granted defendant Piper Aircraft Corporation summary disposition.

The dispute between these parties arose after an airplane crash. On February 19, 1981, a Piper Cheyenne aircraft crashed while making an approach for a landing at the Oakland-Pontiac Airport. All three occupants, Joseph Ninowski, Daniel Ninowski and Dean Spencer, were instantly killed. On January 27, 1983, wrongful death actions were filed on behalf of the estates of Daniel and Joseph Ninowski against S.S. Aircraft, Piper and other defendants in the Wayne Circuit Court. The complaints alleged that S.S. Aircraft, as owner of the airplane, was negligent in the operation and maintenance of the aircraft and that Piper negligently and in breach of warranty designed, manufactured and sold the aircraft in a defective condition. Thereafter, Piper filed a motion for a change of venue and on May 10, 1983, the two complaints were transferred to the Oakland Circuit Court and assigned to Judge Templin.

On February 15, 1984, the personal representative of Dean Spencer filed a wrongful death action in the Wayne Circuit Court, which was also transferred to the Oakland Circuit Court and consolidated for discovery purposes with the Ninowski suits.

On September 21, 1984, S.S. Aircraft filed a cross-claim against Piper in the wrongful death actions, seeking indemnity and contribution. On

January 15, 1985, S.S. Aircraft filed a motion for leave to amend its cross-complaint against Piper to recover for the damages to its aircraft. Piper filed a response to S.S. Aircraft's motion and argued that amendment was futile because the claim was barred by the applicable statute of limitations. On February 6, 1985, Judge Templin, after a hearing on S.S. Aircraft's motion, denied the motion to amend and an order to that effect was entered.

Following the denial of S.S. Aircraft's motion to amend its cross-claim against Piper, S.S. Aircraft, on February 13, 1985, commenced the instant suit alleging a products liability cause of action as well as claims for indemnity and contribution. The case was originally assigned to Judge Gage, and, upon stipulation of the parties, it was later transferred to Judge Templin.

On June 5, 1985, Piper filed a motion to strike the claims for indemnity and contribution on the ground that they were duplicative of the claims S.S. Aircraft was pursuing against Piper as cross-claims then pending in the wrongful death actions. In addition, Piper sought summary disposition on the products liability claims due to the running of the period of limitations. The hearing on Piper's motion was held on November 1, 1985, after which Judge Templin granted Piper's motion in its entirety. The trial court's oral opinion was incorporated into a November 6, 1985, order from which S.S. Aircraft appeals as of right.

S.S. Aircraft contends that the trial court abused its discretion by granting summary disposition on behalf of Piper. We disagree.

As of the filing of the instant suit on February 13, 1985, there were two separate civil actions involving S.S. Aircraft and Piper resulting from the plane crash of February 19, 1981. The first set of cases was the wrongful death actions against

S.S. Aircraft and Piper. In the wrongful death cases, S.S. Aircraft had a cross-claim pending against Piper for indemnification and contribution. Also, it is in those cases that S.S. Aircraft attempted to amend its cross-claim against Piper so as to allege a products liability cause of action. The second case is the current one on appeal, where S.S. Aircraft filed a complaint alleging a products liability cause of action and claims for indemnity and contribution from Piper. S.S. Aircraft's appeal was ostensibly taken from Judge Templin's order granting Piper summary disposition against S.S. Aircraft on this complaint. On appeal, however, S.S. Aircraft is attempting to seek appellate review over a ruling Judge Templin issued in the first set of cases, the wrongful death actions.

The order denying amendment in the wrongful death cases cannot be collaterally attacked in the instant case. The decision of a court having jurisdiction is final when not appealed and cannot be collaterally attacked. *Life Ins Co of Detroit v Burton,* 306 Mich 81; 10 NW2d 315 (1943). S.S. Aircraft has not alleged that the trial court lacked jurisdiction to hear the wrongful death cases, thus it may not attack the court's order by bringing a second suit. The rule against collateral attack applies to both orders and judgments. *Stewart v Michigan Bell Telephone Co,* 39 Mich App 360, 369; 197 NW2d 465 (1972), quoting 49 CJS, Judgments, § 406, p 802.

The issue of whether the trial court in the wrongful death suits erred by denying S.S. Aircraft's motion to amend is not properly before this Court. S.S. Aircraft had an opportunity to appeal the trial court's order; instead of pursuing an interlocutory appeal, plaintiff filed another lawsuit.

The other issue before this Court is whether the trial court abused its discretion by granting defendant summary disposition against plaintiff on the basis of the statute of limitations. On June 5, 1985, pursuant to MCR 2.116(C)(7), Piper filed a motion for summary disposition alleging that plaintiff's products liability cause of action was barred by MCL 600.5805(9); MSA 27A.5805(9), which allows three years for a products liability action to be brought.

A second statute explains when the time begins to run, MCL 600.5827; MSA 27A.5827. The law states:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

In products liability cases, a cause of action accrues when a plaintiff by exercise of reasonable diligence discovers or should have discovered that he or she has a possible cause of action. *Bonney v The Upjohn Co,* 129 Mich App 18, 24; 342 NW2d 551 (1983), lv den 419 Mich 868 (1984).

The standard of review on a motion for summary disposition pursuant to MCR 2.116(C)(7) is that this Court must accept all of plaintiff's well-pled allegations as true and construe them most favorably to the plaintiff. *Hansen v Upper Peninsula Power Co,* 144 Mich App 138, 140; 373 NW2d 270 (1985). In the instant case, S.S. Aircraft's products liability claim accrued on the date of the crash—February 19, 1981. This claim became forever barred by the running of the statutory period on February 19, 1984. Thus, the complaint filed in

the instant suit on February 13, 1985, is untimely. Therefore, the trial court correctly granted Piper summary disposition on the basis that S.S. Aircraft's claim was barred by the statute of limitations.

Affirmed.