**RADS, P.C., and Donald Bronn, Plaintiffs,**

v.

**MERCY MEMORIAL HOSPITAL, Defendant.**

No. 97–71067.

United States District Court, E.D. Michigan, Southern Division.

Feb. 20, 1998.

Robert P. Geller, Gary M. Saretsky, Eva T. Cantarella, Hertz, Schram & Saretsky, P.C., Bloomfield Hills, MI, for Plaintiffs.

Gregory G. Drutchas, John M. Sier, Kitch, Drutchas, Wagner & Kenney, P.C., Detroit, MI, for Defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is an antitrust case. Plaintiffs RADS, P.C., and Dr. Donald Bronn (collectively referred to as "RADS") are suing defendant Mercy Memorial Hospital (Mercy), accusing Mercy of limiting competition in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2. Count one of RADS's complaint claims an unlawful attempt to monopolize in violation of 15 U.S.C. § 2; count two claims a conspiracy to restrain trade in violation of 15 U.S.C. § 1. RADS specifically contends that Mercy unlawfully attempted to monopolize the provision of "radiation oncology services to [Mercy's] cancer patients who are in need of radiation oncology services," and Mercy's cancer patients are defined as the relevant market. RADS also asserts that Mercy and Dr. Arthur Porter[1] conspired to negotiate a contract with another radiation oncology center, thereby preventing RADS from servicing the relevant market.

Mercy originally moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), arguing that RADS did not allege an injury to competition, a requirement to have standing to bring a federal antitrust suit. In so responding to the complaint, Mercy limited the Court to an examination of the allegations of the complaint. Mercy put the issue as a determination of whether or not Mercy's purported denial to its cancer patients of a choice between radiation oncology treatment facilities constitutes an injury to competition.[2]

At the time RADS filed suit in this Court, however, Mercy had also sued RADS in a Michigan state court. In state court, Mercy sought a declaration that there was no contract or other legal relationship between RADS and Mercy; RADS filed a counterclaim. The counterclaim was in multiple counts: count one claims breach of contract; count two, promissory estoppel; counts three and four, tortious interference; count five, violation of the Michigan Antitrust Reform Act, § 3; and count six, violation of the Michigan Antitrust Reform Act, § 2. RADS's complaint in this Court and its counterclaim in the state court are identical, reading almost word-for-word in the factual allegations. The same may also be said of the antitrust allegations, except for two additional paragraphs in the federal complaint alleging Mercy's involvement in interstate commerce.

On October 17, 1997, the Monroe County Circuit Court dismissed RADS's antitrust counterclaims, determining that RADS failed to state claims under the Michigan Antitrust Reform Act, M.S.A. § 28.70(1) et seq.; M.C.L. § 445.771 et seq. See Exhibits A & B. Mercy now moves to dismiss RADS's federal complaint on grounds of issue preclusion. For the following reasons, Mercy's motion is GRANTED, and the case is DISMISSED.

### II.

#### A.

Mercy asserts that the state court judgment has preclusive effect on RADS's federal antitrust claims. In *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the United States Supreme Court determined that, in some circumstances, a state-court judgment may have preclusive effect on a federal antitrust claim:

> To be sure, a state court will not have occasion to address the specific question

---

1. Although RADS initially named Dr. Porter as a defendant, the parties stipulated to his dismissal. *See* Order of Dismissal as to Defendant, Arthur Porter, M.D. (Sept. 25, 1997).

   The parties have not addressed how Dr. Porter's dismissal affects RADS's claim of conspiracy.

2. As the United States Court of Appeals for the Sixth Circuit has recently stated:

   Under the caselaw, it is not enough for the plaintiff to claim economic injury: "Plaintiffs must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful." *Valley Products Co. v. Landmark, a Div. of Hospitality Franchise Systems, Inc.*, 128 F.3d 398, 402 (6th Cir.1997) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977)).

whether a state judgment has issue or claim preclusive effect in a later action that can be brought only in federal court. Nevertheless, a federal court may rely in the first instance on state preclusion principles to determine the extent to which an earlier state judgment bars subsequent litigation. *Id.* 470 U.S. at 381–82.

■■■ To determine whether the Monroe County Circuit Court's judgment precludes this Court's consideration of RADS's complaint, the Court must turn to Michigan law of claim and issue preclusion. *See id.* Michigan law directs that a prior judgment bars a subsequent action if:

> (1) the subject matter of the second action [is] the same; (2) the parties or their privies [are] the same; and (3) the prior judgment [was] on the merits.

*In re Pardee*, 190 Mich.App. 243, 248, 475 N.W.2d 870 (1991). "A grant of summary judgment is considered a determination on the merits." *Franklin v. City of Pontiac*, 887 F.Supp. 978, 983 (E.D.Mich.1995). "The pendency of an appeal, if any, generally does not alter the finality of a judgment for purposes of res judicata." *Eliason Corp. v. Bureau of Safety and Regulation of the Michigan Department of Labor*, 564 F.Supp. 1298, 1302 (W.D.Mich.1983).

### B.

■■■ Here the parties in both the state and federal actions are identical. In addition, the subject matter of RADS's complaint in this Court is the same as the subject matter of the antitrust counts of RADS's counterclaim in the Monroe County Circuit Court. In both the federal complaint and state counterclaim, RADS alleges that Mercy originally promised real property for a radiation oncology treatment center as well as staff privileges for the RADS oncologist. After RADS acquired a Certificate of Need from the Michigan Department of Health and otherwise relied on the hospital's promises, Mercy informed RADS that it would build its own radiation oncology treatment center. Mercy also declined to give an application for full staff privileges to the RADS oncologist. In the state counterclaim and here in the complaint, the allegations with respect to injury to the relevant market are identical.

As previously noted, in the Monroe County Circuit Court, RADS based its counterclaim on theories of breach of contract; tortious interference with a business relationship; and antitrust violations, including monopolization in violation of M.S.A. § 28.70(3); M.C.L. § 445.773 [3] and unlawfully conspiring to restrain trade in violation of M.S.A. § 28.70(2); M.C.L. § 445.772.[4] In this Court, RADS accuses Mercy of monopolization in violation of 15 U.S.C. § 2 [5] and conspiracy to restrain trade in violation of 15 U.S.C. § 1.[6]

The Monroe County Circuit Court rendered a decision on the merits as to the antitrust claims. The court granted summary disposition to Mercy, presumably under M.C.R. 2.116, stating:

> The purpose of antitrust and unfair competition laws is obviously to protect the public by healthy competition and not primarily to protect individual plaintiffs. So the starting point in evaluating such claims

---

3. The statute reads:

> The establishment, maintenance, or use of a monopoly, or any attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices, is unlawful.

M.S.A. § 28.70(3).

4. The statute reads:

> A contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful.

M.S.A. § 28.70(2).

5. The statute reads:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States... shall be deemed guilty of a felony....

15 U.S.C. § 2.

6. The statute reads:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States... is hereby declared to be illegal.

15 U.S.C. § 1.

is whether the purported restraint in trade is reasonable, under the circumstances.

\* \* \* \* \* \*

In order to properly allege an antitrust violation, a party must demonstrate that there is a decreased competition in the whole market. A personal individualized harm will not sustain a viable cause of action.... RADS' allegation that Mercy somehow was conspiring against them in denying them the ability to apply for staff privileges is speculative at best. There's no concrete evidence or factual support to base their assertion upon.

The — so with respect to the conspiracy aspect of the — of the complaint... the motion is going to be granted... for summary disposition....

Now... Mercy can legally enter into an exclusive contract with any oncology group it sees fit, and not run afoul of [the Michigan Antitrust Reform Act] .... [W]ith respect to RADS being denied the ability to work with Mercy, the Court finds that there is no genuine issue of material fact that would—and as a result, as a matter of law, that Mercy is entitled to have their motion granted as to this section of the Act....

An important point here is RADS brings this... action... really as a personal injury to themselves. The Court finds that these antitrust allegations are appropriately dismissed by summary disposition....

*See* Exhibits A & B.

RADS has not undermined the preclusive effect of the Monroe County Circuit Court's ruling. Although RADS objects to the Monroe County Circuit Court's interpretation of Michigan antitrust law, this is a subject for an appeal to the Michigan Court of Appeals.[7] Moreover, RADS has not alleged that the Monroe County Circuit Court lacked jurisdiction to hear state antitrust claims. *See S.S. Aircraft Co. v. Piper Aircraft Corp.*, 159 Mich.App. 389, 393, 406 N.W.2d 304 (1987) ("[Plaintiff] has not alleged that the trial court lacked jurisdiction to hear the wrongful death cases, thus it may not attack the court's order by bringing a second suit.").[8]

In cases in which a Michigan circuit court's judgment has preclusive effect on a federal claim, federal courts have dismissed the federal claim. *See Kaufman v. BDO Seidman*, 984 F.2d 182, 185 (6th Cir.1993). RADS's federal complaint must therefore be dismissed.[9]

SO ORDERED.

---

7. RADS points out that remedies under state and federal antitrust law vary, but RADS does not dispute that analysis of an antitrust injury is essentially the same under both state and federal antitrust law. *See Kelley ex rel. Slay v. Michigan Nat'l Bank*, 377 Mich. 481, 492, 141 N.W.2d 73 (1966) ("In examining any combination, the overriding test, of course, is protection of the public interest."); *Goldman v. Loubella Extendables*, 91 Mich.App. 212, 219, 283 N.W.2d 695 (1979) ("The Michigan antitrust act is patterned after the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, and Federal court interpretations of the Sherman Act are persuasive authority as to the meaning of the Michigan act.").

8. RADS correctly notes that federal courts have exclusive jurisdiction over federal antitrust claims. *See* 15 U.S.C. § 4. Nevertheless, it is settled law that state-court judgments on state antitrust claims may preclude a federal court from deciding federal antitrust claims. *See Marrese*, 470 U.S. at 380 ("Our decisions indicate that a state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts.").

9. In addition, going beyond issue preclusion, clearly RADS's complaint must be dismissed under Fed.R.Civ.P. 12(b)(6). There is no allegation of an injury to competition since the relevant market consists only of Mercy's cancer patients. It has not been alleged that Mercy possesses "dominance" over area residents. *See Jefferson Parish Hospital District No. 2 v. Hyde*, 466 U.S. 2, 26, 104 S.Ct. 1551, 80 L.Ed.2d 2 (1984). Mercy is permitted to enter into exclusive contracts for medical services, thereby limiting the choices of its patients. *See id.* 466 U.S. at 31.

776

# EXHIBIT A

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MONROE

MERCY MEMORIAL HOSPITAL,
a Michigan nonprofit corporation,

        Plaintiff,

vs.

Case No. 96-6039 CZ

Hon. Michael W. LaBeau

RADS, P.C. ONCOLOGY PROFESSIONALS,
a Michigan corporation, AMERICAN
ONCOLOGIC ASSOCIATES OF MICHIGAN, P.C.,
a/k/a MICHIGAN INSTITUTE FOR RADIATION
ONCOLOGY, DONALD BRONN, and FARIDEH
BAGNE, Jointly and Severally,

        Defendants.
                                 /

GREGORY DRUTCHAS (P12975)
JOHN M. SIER (P39336)
KITCH, DRUTCHAS, WAGNER &
 KENNEY, P.C.
Attorneys for Plaintiff
One Woodward Ave., Tenth Fl.
Detroit, MI 48226
(313) 965-2915

GARY SARETSKY (P31708)
HERTZ, SCHRAM & SARETSKY, P.C.
Attorney for Defendants
1760 S. Telegraph Road
Suite 300
Bloomfield Hills, MI 48302-0183
(810) 335-5000

LARRY BENNETT (P26294)
COX, HODGMAN & GIARMARCO
Attorney for Dr. Porter
201 W. Big Beaver
5th Floor
Troy, MI 48084-4160
(248) 528-2200

PATRICIA POUPARD (P40143)
Co-Counsel for Mercy Memorial
740 N. Macomb
P.O. Box 67
Monroe, MI 48161
(313) 343-7582
                               /

A TRUE COPY

*Geri Allen*

COUNTY CLERK

KITCH, DRUTCHAS
WAGNER & KENNEY
[illegible]
[illegible]
TENTH FLOOR
DETROIT, MICHIGAN
[illegible]
(313) 965-7902

DET2:334775.1

**ORDER GRANTING SUMMARY DISPOSITION ON COUNTS V AND VI**
**OF DEFENDANT'S COUNTER-COMPLAINT**

At a session of said Court held in the
Courthouse, City of Monroe,
County of Monroe, State of Michigan

ON _____

PRESENT; HON. _____

                    CIRCUIT COURT JUDGE

This matter is before the Court on Plaintiffs' Motion for Partial Summary Disposition, and the Court having read the briefs, heard arguments of counsel and otherwise being fully advised on the premises, for the reasons and grounds set forth on the record,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Disposition shall be granted in total;

IT IS FURTHER ORDERED that Counts V and VI of Defendants' Counter-Complaint be and hereby are dismissed with prejudice

_____
                    CIRCUIT COURT JUDGE

                    10-29-97

DET2:334775.1                    -4-

EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MONROE

38TH JUDICIAL CIRCUIT

MERCY MEMORIAL HOSPITAL,
a Michigan non-profit corporation,

      Plaintiff/Counter-Defendant,

  and

ARTHUR T. PORTER,

      Added Counter-Defendant

  vs.                 Case No. 96-6039-CZ

RADS, P.C. ONCOLOGY PROFESSIONALS,
a Michigan corporation, and DONALD
BRONN, M.D. Ph.D.,

      Defendant/Counter-Plaintiffs

  and

AMERICAN ONCOLOGIC ASSOCIATES OF
MICHIGAN, P.C., a/k/a MICHIGAN
INSTITUTE FOR RADIATION ONCOLOGY,
and FARIDEH BAGHE, J.D., Ph.D.,
jointly and severally,

      Defendants.
_____/

MOTIONS FOR SUMMARY DISPOSITION

BEFORE:  HONORABLE MICHAEL W. LaBEAU, CIRCUIT JUDGE

    Monroe, Michigan - Friday, October 17, 1997

APPEARANCES:

    (Please see following page for Appearances)

For the Plaintiff/
Counter-Defendants:

JOHN M. SIER P-39336
Kitch, Drutchas, Wagner &
 Kenney, P.C.
One Woodward Avenue, 10th Floor
Detroit, Michigan 48226
(313) 965-2915

PATRICIA M. POUPARD P-40143
Co-Counsel for Mercy Memorial
 Hospital
740 North Macomb
P. O. Box 67
Monroe, Michigan 48161
(313) 242-7582

For the Defendants/
Counter-Plaintiffs:

GARY M. SARETSKY P-31708
Hertz, Schram & Saretsky, P.C.
1760 South Telegraph Road, Suite 300
Bloomfield Hills, Michigan
     48302-0183
(248) 335-5000

Recorded By:

ROSALIE FREY HAMM, CER-0501
Official Court Recorder
106 East First Street
Monroe, Michigan  48161
(313) 243-7085

THE COURT: All right. The antitrust claims deal with the Michigan Antitrust Reform Act. One -- section

2, which is MCL 445.772, I believe, provides that: A contract, combination, or conspiracy between two or more persons in restraint of or to monopolize trade or commerce in a relevant market is unlawful.

The other section of the Act deals with Section 3, which is 445.773 of the Compiled Laws, provides that: The establishment, maintenance, or use of a monopoly or any attempt to establish a monopoly of trade or commerce in a relevant market by any person for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices is unlawful.

Now, the case of Attorney General versus Michigan National Bank found at 377 Michigan 481, stated, I believe at page 492, the -- or articulated a test to examine whether an alleged restraint on trade is unreasonable.

The case stated: In examining any combination, the overriding test, of course, is protection of the public interest. But not every joinder of competing businesses or acquisition of instrumentalities that have been used in competition is an undue restraint of trade or creation of a monopoly. Each situation must be measured by the rule of reason and a fundamental test is injury to the public.

Now, it seems that there are -- that two

Counts
V + VI
dismissed

significant allegations relative to the antitrust violation is that -- is, first, that Mercy violated the Act when it failed to allow Dr. Bronn or RADS an application, and whatever derived from that; and, secondly, that Mercy violated the Act when it did not allow RADS to have an exclusive contract with Mercy.

That's -- those are some relevant areas here. Now, the Michigan National Bank case that the Court just cited suggests that: In examining these cases, the Court must approach it from a public policy perspective. Furthermore, the case also requires the Court to find an injury to the public-at-large. It does not, however, state -- the case; that is -- does not, however, state that a cause of action may be maintained if the injury was to an individual.

The purpose of antitrust and unfair competition laws is obviously to protect the public by healthy competition and not primarily to protect individual plaintiffs. So the starting point in evaluating such claims is whether the purported restraint in trade is reasonable, under the circumstances.

Another case that the Court found instructive, although distinguishable on its facts -- nevertheless, it did cite certain principles that I think are important -- and that was Jefferson Parish Hospital

District Number 2 versus Hyde, found at 466 U.S. 2. In that case, the -- it was the United States Supreme Court -- it involved an exclusive contract, and the Supreme Court held that such an agreement cannot be held to be a restriction on trade as the ordinary consumer is unable to distinguish between different doctors, as they are unsophisticated.

They further reference -- or the case further states that a hospital has an unquestioned right to exercise control over the physicians to whom it accords staff privileges. And I think they're referring to another case when they -- when they make that statement. I didn't write that in my notes, but -- the -- and, of course, the Court believes that -- that any allegation that Mercy violated the Antitrust Act provisions when it denied RADS an exclusive contract appears to be tenuous at best.

Jefferson case clearly held that a hospital is well within its rights to enter an exclusive arrangement with other physician groups if it desires to do so.

Now, if another corporation entered into an exclusive arrangement with Mercy, this would not violate Section 3 of the Act. I think the Jefferson court -- or case supports that, and there's no indication, other than conclusory statements that would even suggest that

Mercy ever intended to fix prices or exclude competition. Rather, Mercy seems to have taken steps to insure a competitive bid for the building and contractual arrangement of a radiation/oncology clinic.

In order to properly allege an antitrust violation, a party must demonstrate that there is a decreased competition in the whole market. A personal individualized harm will not sustain a viable cause of action under both Sections 2 and 3 of the Act.

With respect to Section 2 of the Act, RADS' allegation that Mercy somehow was conspiring against them in denying them the ability to apply for staff privileges is speculative at best. There's no concrete evidence or factual support to base their assertion upon.

The -- so with respect to the conspiracy aspect of the -- of the complaint, which is Section 2 of the Act, the motion is going to be granted pursuant -- for summary disposition pursuant to 2.116(c)(10).

Now, turning to Section 3 of the Act, Mercy can legally enter into an exclusive contract with any oncology group it sees fit, and not run afoul of this Act. As stated in Jefferson, Mercy appears to be on legally solid ground if they -- if they were even to build their own facility; however, the possibility of

this happening may be remote, given the -- all of the circumstances involved. But, nevertheless, with respect to RADS being denied the ability to work with Mercy, the Court finds that there is no genuine issue of material fact that would -- and as a result, as a matter of law, that Mercy is entitled to have their motion granted as to this section of the Act also under 2.116(c)(10).

An important point here is RADS brings this mat -- action -- really as a personal injury to themselves. The Court finds that these antitrust allegations are appropriately dismissed by summary disposition, and you can prepare an order.