NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0459n.06

No. 13-1600

**FILED**
Jun 26, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SOUTHFIELD EDUCATION
ASSOCIATION,

      Plaintiff-Appellant,

v.

SOUTHFIELD BOARD OF
EDUCATION,

      Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    NORRIS, CLAY, and KETHLEDGE, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Southfield Education Association filed two lawsuits, one in state court, and then a second in federal court pursuant to 42 U.S.C. § 1983, alleging that Defendant Southfield Board of Education violated the due process rights of twenty-three teachers laid off during the 2010–2011 academic school year. After the state court dismissed Plaintiff's due process claim, the district court granted Defendant's motion to dismiss based on *res judicata*. Plaintiff argues that because the due process claim asserted in state court was based on the Michigan Constitution whereas the claim asserted in federal court is based on the United States Constitution, the district court erred in dismissing the federal due process claim. For the reasons set forth below, we **AFFIRM** the district court's decision to grant Defendant's motion to dismiss based on *res judicata*.

**BACKGROUND**

On January 31, 2012, Plaintiff filed a complaint in state court alleging that, after a teacher layoff, Defendant violated its own recall standards when it hired new applicants rather than recall the laid off teachers. The complaint alleged that Defendant violated the Public Employees Relations Act ("PERA"), Mich. Comp. Laws Ann. § 423.201 (West 2013), as well as the due process clause of the Michigan Constitution. Plaintiff argues that the teachers had a property right in their previous positions and Defendant deprived them of this property right without due process by failing to recall them. Subsequently, on March 7, 2012, Plaintiff filed a second complaint in federal district court alleging that Defendant also violated the Fourteenth Amendment of the United States Constitution when it fired the teachers without due process.

Plaintiff filed an amended complaint in state court on April 5, 2012. The only changes contained in the amended complaint were the replacement of the PERA claim with a breach of contract claim, the addition of the names of the twenty-three individual Plaintiffs, and the allegation that, as a result of Defendant's conduct, some of the teachers were separated from employment entirely. On June 6, 2012, the state court granted Defendant's motion for summary disposition for failure to state a claim as to Plaintiff's amended complaint. This order stated that Defendant was "entitled to summary disposition of Plaintiffs' breach of contract and due process claims as a matter of law." Rather than dismiss the claim entirely, the state court allowed Plaintiff to amend its complaint.

On June 13, 2012, Plaintiff filed a second amended complaint that no longer included the claim that Defendant violated the due process rights of the tenured teachers pursuant to the Michigan Constitution. According to Plaintiff, the only difference between the due process claim dismissed in state court and the due process claim filed in district court is that the state

court claim was based on the Michigan Constitution whereas the claim before the district court is based on the United States Constitution.

Following the dismissal of the Michigan Constitution due process claim in state court, Defendant filed, *inter alia*, a motion to dismiss the complaint in district court based on *res judicata*. On April 9, 2013, the district court granted Defendant's motion to dismiss Plaintiff's federal due process claim based on *res judicata*. Defendant appeals, arguing that since the state court claim was based on the Michigan Constitution whereas the federal claim is based on the United States Constitution, the district court erred in dismissing the federal due process claim. Plaintiff also claims the district court erred by not permitting discovery on the merits of the federal due process claim prior to its dismissal.

## DISCUSSION

### *Standard of Review*

This Court reviews *de novo* a district court's grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Gunasekera v. Irwin*, 551 F.3d 461, 465–66 (6th Cir. 2009). Under Rule 12(b)(6), this Court "accept[s] all the Plaintiffs' factual allegations as true and construe[s] the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief. *Twombly*, 550 U.S. at 561–64.

Although the complaint must be liberally construed in favor of the party opposing the motion to dismiss, the Court should not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562.

We also review *de novo* a district court's application of the doctrine of *res judicata*. *Bragg v. Flint Bd. of Educ.,* 570 F.3d 775, 776 (6th Cir. 2009). The burden of establishing the applicability of *res judicata* is on the party asserting the doctrine. *In re Piper Aircraft Corp., Inc.,* 244 F.3d 1289, 1296 (6th Cir. 2001). When reviewing a motion to dismiss, we construe the record in the light most favorable to the non-moving party and accept as true all allegations pleaded in the complaint. *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.,* 485 F.3d 840, 845 (6th Cir. 2007).

### *Analysis*

The Full Faith and Credit Act mandates that "judicial proceedings. . . shall have the same full faith and credit in every court within the United States. . . as they have by law or usage in the courts of such State. . . from which they are taken." 28 U.S.C. § 1738. The United States

Supreme Court has interpreted the act as requiring that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81 (1984). In this case, Defendant argues that the Michigan state court judgment dismissing Plaintiff's state due process claim precludes Plaintiff's federal due process claim. We therefore examine the collateral estoppel and *res judicata* law of Michigan to resolve this case.

Under Michigan law, issue preclusion, known as collateral estoppel, "precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was. . . actually litigated, and. . . necessarily determined." *People v. Gates,* 434 Mich. 146, 155 (1990). "[T]he party asserting preclusion bears the burden of proof." *United States v. Dominguez,* 359 F.3d 839, 842 (6th Cir. 2004). Therefore, to prove preclusion, Defendant must demonstrate that: "(1) the subject matter of the second action [is] the same; (2) the parties or their privies [are] the same; and (3) the prior judgment [was] on the merits." *RADS, P.C. v. Mercy Mem'l Hosp.,* 3 F. Supp. 2d 772, 774 (E.D. Mich. 1998).

In the instant case, the subject matter of the federal claim is the same as that in the state court action. In the state court action Plaintiff claimed that Defendant violated the due process clause of the Michigan Constitution by depriving the teachers of their property interest in their former positions without due process. The alleged deprivation occurred when Defendant hired outside applicants for teaching positions as opposed to recalling the teachers. Plaintiff's claim before the district court was based on the same underlying facts of the state court action. The

only difference is that the present action is based on the United States Constitution as opposed to the Michigan Constitution.

The parties in this action are the same as in the state court action. While the individual teachers are not named plaintiffs in this action, Plaintiff is acting as the teachers' representative in both actions, which assures that the teachers are duly represented. The final requirement, however, has not been met. "A decision is final when all appeals have been exhausted or when the time available for an appeal has passed." *Leahy v. Orion Twp.,* 269 Mich. App. 527, 530 (2006). Plaintiff could still appeal the ruling of the state court. The state court action is not yet final for collateral estoppel purposes, thus it would be premature to grant preclusive effect to the state court ruling.

Federal law also requires the application of state *res judicata* law to determine the preclusive effect of the state court judgment on the federal case. *See Hapgood v. City of Warren,* 127 F.3d 490, 493–94 (6th Cir. 1997) (applying Ohio *res judicata* law to determine whether an Ohio court's prior judgment precluded a federal action). Under Michigan law, *res judicata* applies when the following elements are present: (1) a final decision on the merits; (2) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (3) a subsequent action between the same parties or their privies. *Dart v. Dart*, 460 Mich. 573, 586 (1999). With regard to the second element, Michigan courts have adopted a broad approach to *res judicata*, which means that all claims arising from the same transaction that could have been raised in state court, but were not, are barred. *Id*.

The state court, on June 6, 2012, entered an order granting Defendant's motion for summary disposition on Plaintiff's due process claim. Unlike collateral estoppel, which is deemed final only when all appeals have been exhausted, in Michigan, a grant of summary

judgment is considered a final determination on the merits for *res judicata* purposes. *Franklin v. City of Pontiac,* 887 F. Supp. 978, 983 (E.D. Mich. 1995). Thus, even if Plaintiff appealed the state court ruling, the decision is still considered final and therefore satisfies the first element.

Plaintiff's present claim, that Defendant violated the due process clause of the United States Constitution, clearly could have been resolved in the state court action. The operative allegations of the present claim, that Defendant fired the teachers without due process, are identical to those of the state court action. The federal due process clause claim is essentially the same as the Michigan claim. Furthermore, the parties to both actions are the same. Plaintiff clearly had a full opportunity to litigate the federal due process clause claim in the state court action, but failed to do so.

Plaintiff argues that since the federal court action only involved a federal constitutional claim, that the state court was not an appropriate venue to adjudicate its federal claim. The district court held that this type of reasoning was rejected in *Migra*, which ruled that the plaintiff's § 1983 claim in that case was precluded by an earlier state court action where the plaintiff could have raised the claim but failed to do so. *Migra,* 465 U.S. at 84. Plaintiff replies that the district court erroneously interpreted *Migra*.

In *Migra*, the Supreme Court rejected the plaintiff's argument that the state court was not an appropriate venue to adjudicate its federal claim. *Migra,* 465 U.S. at 84. After her state court action was dismissed, the plaintiff filed a § 1983 claim in federal court. *Id*. at 77–80. She argued that, since she did not litigate her § 1983 claim in state court, the "state-court judgment should not preclude her suit in federal court simply because her federal claim could have been litigated in the state-court proceeding." *Id*. at 83. The Supreme Court disagreed, rejecting the

view that § 1983 "prevents the judgment in petitioners' state-court proceeding from creating a claim preclusion bar[.]" *Id*. at 84.

Thus, the district court was correct when it concluded that if state court decisions have preclusive effect on § 1983 claims that were not raised in a previous state court action, then Plaintiff's federal due process claim is likewise precluded by the state court decision finding that Defendant was entitled to judgment as a matter of law on Plaintiff's state due process claim. For this reason, the district court did not err in concluding that Plaintiff's federal due process claim is barred by *res judicata*.

Plaintiff also argues that the district court's dismissal of the federal due process claim was premature because discovery on the merits had not begun. The district court concluded that this argument was "moot since Plaintiff's claims are barred by *res judicata*." The district court correctly concluded that the issue of discovery on Plaintiff's due process claim is moot because the claim is barred by *res judicata*. The district court did not err in dismissing the case before discovery because *res judicata* motions only present questions of law which require no discovery. This Court held that "[t]he purpose of *res judicata* is to eliminate the relitigation of claims—not just to avoid inconsistent results, but also to avoid the expense of a trial, which includes discovery. Because [Plaintiff] could have brought its current claims in the first trial [in state court], but did not, the claims are barred. No amount of discovery will change the preclusive effect of the [state court] case on the current case, so the [district court] did not abuse its discretion in denying the motion to extend discovery." *Quality Measurement Co. v. IPSOS S.A.*, 56 Fed. App'x. 639, 650 (6th Cir. 2003) (citation omitted). Accordingly, the district court did not err in its conclusion that Plaintiff's discovery argument is "moot" because Plaintiff's federal due process claim is barred by *res judicata*.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's decision to grant Defendant's motion to dismiss.