# STATE OF MICHIGAN

# COURT OF APPEALS

22022 MICHIGAN AVENUE LLC,

Plaintiff-Appellee,

v

TAHRIK ALCODRAY, TAA FORT HOLDINGS
LLC, CONDOR CAPITAL GROUP LLC,
HUSSEIN ABBASS, RIZZO
ENVIRONMENTAL SERVICES, INC., and
TECHNICAL LOGISTICS CORPORATION,

Defendants,

and

BROME BURGERS & SHAKES LLC,

Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 335839
Wayne Circuit Court
LC No. 15-013275-CH

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

GLEICHER, P.J. (*concurring*).

I concur with the result reached by the majority, but on different grounds. In my view, defendant Brome Burgers & Shakes LLC has standing to bring this appeal. The issue it presents, however, lacks merit.

Brome's appeal focuses on the manner in which this case ended. When plaintiff 22022 Michigan Avenue LLC decided to discontinue its lawsuit against Brome, it served Brome with an offer to stipulate to entry of judgment "pursuant to MCR 2.405." Brome filed an acceptance of the offer of judgment. Another defendant in the matter, Rizzo Environmental Services, Inc., then moved for summary disposition under MCR 2.116(C)(7), arguing that Brome's acceptance of plaintiff's offer operated as a full and final adjudication of plaintiff's claims against *all* defendants. Plaintiff promptly pivoted. Apparently concerned that Rizzo might be right, plaintiff filed a motion for entry of judgment of dismissal with prejudice as to Brome accompanied by an argument that its own offer to stipulate to entry judgment was defective. The parties debated these issues in the circuit court, which concluded that plaintiff's offer did not

- 1 -

constitute an offer of judgment within the meaning of MCR 2.405 because it encompassed only dismissal with prejudice and without costs or attorney fees, and lacked a "sum certain."

Brome preferred that the trial court enter a *judgment* against plaintiff, as Brome believed, and argued in the trial court, that only a judgement would provide it with res judicata protection in the event that plaintiff filed another lawsuit arising from the same facts. The circuit court rejected this argument, and Brome filed this appeal.

The majority holds that Brome is not an "aggrieved" party as it has not suffered "a concrete and particularized injury." This phrase comes from *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291; 715 NW2d 846 (2006). The entire quote, which more fully describes the status of being "aggrieved" for the purpose of an appeal, reads as follows:

> An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a *litigant* on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Id.* at 291-292 (emphasis added).]

Brome claims that the trial court erred by concluding that the offer of judgment was invalid, and that the error results in an injury because it opens the door to another lawsuit against Brome arising from the same factual nexus. In support of this argument Brome cites this Court's opinion in *Haberkorn v Chrysler Corp*, 210 Mich App 354, 378; 533 NW2d 373 (1995), in which we declared:

> An agreement to settle does not necessarily result in a judgment. Although it usually results in a stipulated order of dismissal with prejudice, such an order does not constitute an adjudication on the merits. It merely "signifies the final ending of a suit, not a final judgment on the controversy, but an end of that proceeding." [Quoting 9A Michigan Law & Practice, Dismissal & Nonsuit, § 2, p 137.]

Based on this language, Brome could reasonably conclude that the order of dismissal entered by the trial court left it at risk for another lawsuit, as the res judicata doctrine bars a subsequent action only when the prior action was decided on the merits. *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Brome was aggrieved because it did not receive the complete relief that it sought. Further, Brome had to challenge the order by way of this appeal, since in the event plaintiff files another suit against Brome arising from the same facts, Brome would be precluded from collaterally attacking the order in the subsequent proceeding. See *SS Aircraft Co v Piper Aircraft Corp*, 159 Mich App 389, 393; 406 NW2d 304 (1987) ("The decision of a court having jurisdiction is final when not appealed and cannot be collaterally attacked.").

The majority attempts to fix Brome's appellate predicament with dictum. After determining that Brome lacks standing, the majority invokes a line of authority postdating *Haberkorn* holding that "a voluntary dismissal with prejudice acts as an adjudication on the

merits for purposes of res judicata." *Adam v Bell,* 311 Mich App 528, 532; 879 NW2d 879 (2015). *Adam* drew this proposition from *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336, 340 (1997), which cited as its authority *Brownridge v Mich Mut Ins Co*, 115 Mich App 745, 748; 321 NW2d 798 (1982). *Brownridge*, in turn, imported the rule from *Astron Indus Assocs, Inc v Chrysler Motors Corp*, 405 F2d 958 (CA 5, 1968). Indisputably, there is conflicting, or at least confusing, authority in this state regarding whether a voluntary dismissal with prejudice operates to preclude future litigation on the merits.

Bearing this background in mind, I conclude that Brome was aggrieved by an order entered against its will that it believed inadequate to protect its rights. No less an authority than the United States Supreme Court has held that a prevailing litigant may be aggrieved for standing purposes if the litigant seeks reformation of an order that affects the litigant's further rights. See *Deposit Guaranty Nat'l Bank v Roper*, 445 US 326, 332-336; 100 S Ct 1166; 63 L Ed 2d 427 (1980); *Electrical Fittings Corp v Thomas & Betts Co*, 307 US 241; 59 S Ct 860; 83 L Ed 1263 (1939). More recently, the Supreme Court summarized, "So long as the litigants possess the requisite personal stake, an appeal presents a case or controversy, no matter that the appealing party was the prevailing party below." *Camreta v Greene*, 563 US 692, 702; 131 S Ct 2020; 179 L Ed 2d 1118 (2011).

On the merits of this appeal, however, the Supreme Court's plurality opinion in *Knue v Smith*, 478 Mich 88, 93; 731 NW2d 686 (2007), supports the trial court's ruling that the offer of judgment rule contemplates that an offer lacking a "sum certain" does not satisfy MCR 2.405(A)(1). I would affirm on this ground.

/s/ Elizabeth L. Gleicher