# STATE OF MICHIGAN

# COURT OF APPEALS

32 EAST MADGE, LLC,

       Plaintiff-Appellant,

v

ANDY MEISNER and LAUDON PROPERTIES,

       Defendants-Appellees.

UNPUBLISHED
August 16, 2018

No. 338806
Oakland Circuit Court
LC No. 2017-157219-CH

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendants, the Oakland County Treasurer and the party who purchased plaintiff's former real property at a tax foreclosure sale. The trial court held that summary disposition was proper under MCR 2.116(C)(7) (prior judgment) because this action was an improper collateral attack on the earlier judgment of foreclosure which was not appealed.[1] We affirm.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). Likewise, we review de novo as a question of law the applicability of a legal doctrine. *James v Alberts*, 464 Mich 12, 14-15; 626 NW2d 158 (2001).

It is undisputed that tax foreclosure of plaintiff's former property was the subject matter of Oakland Circuit Court Case No. 2015-147555-CZ, which culminated in a February 3, 2016 judgment of foreclosure that was not appealed. "The decision of a court having jurisdiction is final when not appealed and cannot be collaterally attacked." *SS Aircraft Co v Piper Aircraft Corp*, 159 Mich App 389, 393; 406 NW2d 304 (1987). More particularly, a party may not challenge a judicial determination subject to appeal by commencing a new action instead. *Id.* This rule against collateral attacks arises from the doctrine of res judicata, according to which " 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a

---

[1] The trial court also held that summary disposition was proper under MCR 2.116(C)(8) and (10).

subsequent action involving the same claim, demand or cause of action.' " *Wayne Co v Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998), quoting *Black's Law Dictionary* (6th ed, 1990).

Plaintiff attempts to avoid the preclusive effect of the earlier judgment of foreclosure by challenging that court's exercise of subject-matter jurisdiction. "Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001) (quotation marks and citations omitted). "When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Fox v Bd of Regents of Univ of Mich*, 375 Mich 238, 242; 134 NW2d 146 (1965).

Plaintiff's only express jurisdictional challenge to the earlier adjudication is that the court in Case No. 2015-147555-CZ acted prematurely because of a misapprehension of the timing requirements of MCL 211.78(g)(1), i.e., there were no delinquent taxes due before the foreclosure proceeding was initiated. However, this challenge clearly does not implicate the earlier court's right to exercise judicial power over the class of case at issue—a foreclosure proceeding. Rather, plaintiff is arguing that, because of the particular facts in that foreclosure proceeding, the proceeding should not have been filed or should not have resulted in a judgment of foreclosure. These arguments could have been raised and decided in that earlier foreclosure action, and any decision in that matter would have been subject to appellate review. Accordingly, plaintiff's statutory timing argument does not bring to light a subject-matter jurisdiction challenge that would invalidate the earlier adjudication.

Plaintiff cites *In re Petition by Wayne Co Treasurer*, 478 Mich 1; 732 NW2d 458 (2007), in support of its contention that a new cause of action in the circuit court is a proper vehicle for challenging the result of an earlier case that culminated in a judgment of foreclosure. We do not agree. In that case, the property owners did not receive constitutionally adequate notice of the foreclosure proceedings before a judgment of foreclosure was entered and their property was sold. *Id*. at 5. Thereafter, the former property owners learned of the foreclosure and sale, and filed a motion for relief from the foreclosure judgment. *Id*. Our Supreme Court held that a statutory provision of the General Property Tax Act (GPTA), MCL 211.78k(6), which deprived the circuit court of jurisdiction to alter the judgment of foreclosure even under these circumstances—when property owners are deprived of their property without due process—is unconstitutional as applied to them. *Id*. at 8-11. In the case before us, plaintiff does not argue that it was deprived of its property without constitutionally adequate notice and then prevented from seeking relief from the judgment of foreclosure. To the contrary, the record discloses—as set forth in the trial court's order appealed here—that plaintiff was provided notice of the property tax delinquency and of the foreclosure proceedings. Accordingly, plaintiff's argument is without merit.

Further, plaintiff's reliance on *Davenport v HSBC Bank USA*, 275 Mich App 344; 739 NW2d 383 (2007), abrogated in part on other grounds by *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 114-115 (2012), is also misplaced. In that case, a bank foreclosed on a mortgage

although it was not the record holder of the indebtedness. *Id*. at 346. This Court held that the bank had no statutory right to foreclosure on a mortgage in which it had no interest; thus, the foreclosure proceedings were void. *Id*. at 347-348. In this case, however, plaintiff did not challenge the legitimacy of the tax foreclosure of its property in the tax foreclosure proceeding, i.e., Oakland Circuit Court Case No. 2015-147555-CZ, although plaintiff had notice of that proceeding. Consequently, the matter was adjudicated to a final judgment that may not be collaterally attacked in a separate action.

Because there is no dispute that the tax foreclosure underlying this case followed from a final judgment of foreclosure in Case No. 2015-147555-CZ, and because plaintiff has not put forward a valid reason why res judicata should not preclude litigation anew of related matters in this case, we affirm the trial court's dismissal of this entire case on the ground that it constituted an improper collateral attack on the earlier judgment of foreclosure.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly