TAYLOR, C.J.
At issue in this case is whether the requirement of the offer of judgment rule, MCR 2.405, to stipulate “to the entry of a judgment in a sum certain” such as to trigger the operation of the rule, and *90 its sanction provisions, is met if the putative offer would culminate in a judgment, not for a sum certain but in a dismissal with prejudice and without costs only. The trial court and Court of Appeals held that an offer in a quiet title action in which the plaintiffs offered $3,000 to defendants in return for a quitclaim deed, after which a judgment for dismissal with prejudice and without costs would enter, was the offer of a sum certain such as to establish the predicate for the operation of the offer of judgment rule. Because we conclude this was not an offer for “the entry of a judgment of a sum certain” we reverse the judgments of the lower courts and remand to the trial court for entry of an order denying plaintiffs’ motion for offer of judgment sanctions.
I. FACTS AND PROCEDURAL HISTORY
Plaintiffs filed an action to quiet title asserting that they had acquired title to a small strip of land through adverse possession or acquiescence. During the pendency of the lawsuit, plaintiffs’ counsel sent defense counsel a letter on May 16, 2003, presenting an offer for settlement that he characterized as a “stipulation of entry of judgment” pursuant to MCR 2.405. The offer was that in return for payment by plaintiffs to defendants of $3,000 the defendants would convey the disputed land to plaintiffs by quitclaim deed and the parties would stipulate a dismissal of all claims “with prejudice and without costs.” Counsel for defendants replied by letter, acknowledging the offer but contesting that this qualified as an offer of judgment pursuant to MCR 2.405.
The offer was not accepted and a bench trial was held. The trial court entered a judgment and order quieting title in plaintiffs’ favor. Plaintiffs subsequently *91 filed a motion seeking actual costs and attorney fees under the offer of judgment rule, MCR 2.405(D)(1). They asserted that the offer of settlement of May 16, 2003, qualified under the offer of judgment rule and, as the adjusted verdict at the conclusion of the trial was more favorable to the plaintiffs than the offer, they were entitled to offer of judgment sanctions.[1]
Defendants opposed the motion, arguing that the offer was not for a sum certain because this was an equitable action, and even if this argument was unavailing the court should decline to award sanctions under the “interest of justice” exception set forth in MCR 2.405(D)(3).[2]
The trial court rejected the argument that the offer of judgment rule did not apply to equitable actions, noting that the rule contains no distinction between cases decided in equity and those decided at law and determined that $3,000 was a sum certain. The court further rejected the claim that the demand for a quitclaim deed was the attachment of a condition that took the offer outside the scope of the court rule, holding rather that the offer was only in the form necessary to resolve plaintiffs’ equitable claim. Finally, the trial court declined to apply the interest of justice exception.
Upon appeal, the Court of Appeals affirmed in a published opinion per curiam.[3] The Court first rejected the argument that the offer of judgment rule does not apply to equitable actions, distinguishing Hessel v Hes *92 sel, 168 Mich App 390; 424 NW2d 59 (1988), which had held that the rule does not apply to proposed property settlements in divorce actions, which are, of course, equitable. "While acknowledging that, the Court opined that because $3,000 is a sum certain and the quiet title demand was akin to a dismissal, the rule of Hessel was inapplicable. Finally, the Court of Appeals concluded that the trial court had not abused its discretion in failing to invoke the interest of justice exception.
Defendants applied to this Court for leave to appeal, and we directed the clerk to schedule oral argument on whether to grant the application, asking the parties to brief (1) whether attorney fees and costs may be assessed pursuant to MCR 2.405(D) in a case involving an equitable claim to quiet title, and (2) whether the $3,000 offer in plaintiffs’ counsel’s letter was an offer of judgment under MCR 2.405(A)(1), in light of that rule’s requirement of a “sum certain” and given plaintiffs’ additional demand for a quitclaim deed. 477 Mich 854 (2006).
II. STANDARD OF REVIEW
The proper interpretation and application of a court rule is a question of law that this Court reviews de novo. CAM Constr v Lake Edgewood Condo Ass’n, 465 Mich 549, 553; 640 NW2d 256 (2002).
III. ANALYSIS
When called on to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation. Grievance Administrator v Underwood, 462 Mich 188, 193; 612 NW2d 116 (2000). Accordingly, we look to the language of the court rule and in particular to that section which defines what an offer must be to qualify as an “offer of judgment.”
*93 MCR 2.405 provides, in relevant part:
(A) Definitions. As used in this rule:
(1) “Offer” means a written notification to an adverse party of the offeror’s willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. If a party has made more than one offer, the most recent offer controls for the purposes of this rule.
Thus, to be an “offer” the offer must propose to stipulate the entry of a judgment in a sum certain. There is no latitude given in this rule for offers of judgment that culminate in something other than a “judgment for a sum certain.” That is, it is nonconforming for the offer to require a reciprocal exchange of cash for the execution of a recordable real estate document culminating in a judgment of dismissal with prejudice and without costs. For such an offer, the offer of judgment rule is simply inapplicable and no consideration of the distinctions between equity and law is required to resolve this matter.
Accordingly, contrary to the holdings of the trial court and Court of Appeals, the plaintiffs’ offer that a quitclaim deed be provided for $3,000 and then a judgment of dismissal with prejudice and without costs would enter would not have culminated in a “judgment for a sum certain.” Thus, the tendered offer fell outside the scope of MCR 2.405(A)(1), and no costs and fees may be awarded under the rule.
IV CONCLUSION
We hold that the offer of judgment rule does not apply to lawsuits where the putative offer would not result in judgment for a sum certain. Because the offer plaintiffs made here was nonconforming with the offer *94 of judgment rule, possible sanctions under that rule are unavailable. Thus, we reverse the contrary judgment of the Court of Appeals and the trial court order granting offer of judgment sanctions. The case is remanded to the trial court for the entry of an order denying plaintiffs’ motion for offer of judgment sanctions.
CAVANAGH and CORRIGAN, JJ., concurred with TAYLOR, C.J.

 The case was not submitted to case evaluation pursuant to MCR 2.403. Per MCR 2.405(E), costs may not be awarded under the offer of judgment rule in a case that has been submitted to case evaluation under MCR 2.403 unless the case evaluation award was not unanimous.

 This rule provides, “The court may, in the interest of justice, refuse to award an attorney fee under this rule.”

 269 Mich App 217; 711 NW2d 84 (2005).