McMANUS v TOLER

Docket No. 290249. Submitted June 5, 2010, at Grand Rapids. Decided July 27, 2010, at 9:00 a.m.

Claude McManus and his daughter, Valerie McManus-Zoerhof, brought an action in the Kent Circuit Court against Kevin M. Toler, seeking a declaratory judgment that there was no binding contract between the parties for the sale of an American Express Financial Advisors, Inc., franchise, to void or rescind the contract if there was one, and damages for the breach of any such contract. Defendant submitted an offer of judgment under MCR 2.405 to plaintiffs "in the amount of $25,000.00 inclusive of interest and costs in this matter." Plaintiffs did not respond to the offer. Following a bench trial, the court, Donald A. Johnston, J., ruled that there was a valid contract for the sale of the franchise, that defendant had not breached that contract, and that plaintiffs did not have a valid cause of action. The Court of Appeals, DONOFRIO, P.J., and SAWYER and MURPHY, JJ., affirmed in an unpublished opinion per curiam, issued July 1, 2008 (Docket No. 274407). Before the appeal was filed, defendant had moved to assess fees and costs against plaintiffs under MCR 2.405(D). Plaintiffs had objected, arguing that defendant's offer had not complied with the court rule. The trial court disagreed and granted the motion. After the Court of Appeals upheld the trial court's ruling on the merits of the case, the trial court entered an order assessing costs under MCR 2.405 and ordering plaintiffs to pay defendant's attorney fees in the amount of $50,559.80. Plaintiffs moved for reconsideration, which the trial court denied. McManus appealed.

The Court of Appeals *held*:

The offer-of-judgment rule, MCR 2.405, applies to offers of judgment for a sum certain. Defendant's offer to settle this case for $25,000 was an offer for a sum certain. The fact that some of the claims in this case were based in equity did not render the rule inapplicable. Even if the rule does not apply to purely equitable actions, it applies to cases such as this one involving both claims at law and claims in equity in which the offer of judgment addresses only monetary damages and the equitable claims are to be dismissed.

Affirmed.

Actions — Offer of Judgment — Sum Certain — Equitable Claims — Claims
    at Law.

> The offer-of-judgment rule applies to a case involving both claims at
> law and claims in equity in which the offer of judgment addresses
> only monetary damages of a sum certain and the equitable claims
> are to be dismissed (MCR 2.405).

*Wheeler Upham, P.C.* (by *Walter J. Russell*), for
Claude McManus.

*Law Weathers* (by *Michael J. Roth*) for Kevin M.
Toler.

Before: SAWYER, P.J., and BANDSTRA and WHITBECK, JJ.

PER CURIAM. Plaintiff, Claude McManus,[1] appeals as
of right the circuit court's final judgment entered on
September 22, 2008. We affirm.

The facts of this case were summarized in *McManus
v Toler*, unpublished opinion per curiam of the Court of
the Appeals, issued July 1, 2008 (Docket No. 274407).
Plaintiff owned and operated an American Express
Financial Advisors, Inc. (AEFA) franchise. He employed
his daughter and defendant. In 2002, AEFA offered
plaintiff a position as field vice president, but under
AEFA rules he would have had to divest himself of his
ownership interest in the franchise to take the position.
Plaintiff decided to sell the franchise to defendant, but
with his daughter acquiring a contingent joint owner-
ship interest when she acquired the licenses necessary
to own the franchise. This was written in a memoran-
dum. However, plaintiff's daughter was not able to

---

[1] Plaintiff Claude McManus is appealing. His daughter, Valerie
McManus-Zoerhof, was a plaintiff during the lower-court proceedings
and was a listed party on the final order assessing attorney fees and costs,
but she is not a party to this appeal. Therefore, when "plaintiffs" are
mentioned with regard to the lower-court proceedings, the reference is to
both parties, but "plaintiff" refers only to Claude McManus.

obtain her licenses within the agreed-upon period, even though defendant gave her deadline extensions.

The parties ended up in court to determine if the memorandum merely expressed an intent to contract or was a legally enforceable contract. The trial court found that there was a valid contract between the parties and that defendant did not breach the contract. On appeal, this Court affirmed the trial court's findings. Plaintiff accepts the facts as set forth in this Court's July 1, 2008, opinion, although he does not agree with them.

On June 23, 2006, defendant submitted an offer of judgment to plaintiffs. Plaintiffs never responded to the offer. On October 25, 2006, the trial court entered a verdict of no cause of action against plaintiffs and in favor of defendant. Defendant subsequently moved to assess fees and costs under MCR 2.405(D). On November 13, 2006, plaintiffs filed a response in opposition to defendant's motion, stating that the offer of judgment did not comply with the requirements of MCR 2.405. On the same day, the trial court held a hearing on defendant's motion. The court granted the motion, but gave plaintiffs an opportunity to challenge the reasonableness of the requested attorney fees. Plaintiffs did not submit any additional briefing.

On September 11, 2008, defendant served plaintiffs with a notice of presentment. Plaintiffs did not object. On September 22, 2008, the trial court entered an order assessing costs under MCR 2.405 and ordering plaintiffs to pay defendant's attorney fees in the amount of $50,559.80. On September 25, 2008, plaintiffs filed a motion for reconsideration. On January 15, 2009, the trial court denied plaintiffs' motion. Plaintiff is appealing the order awarding costs and attorney fees.

Plaintiff first argues that defendant's offer of judgment was not for a sum certain and, therefore, did not

comply with the requirements of MCR 2.405. Plaintiff relies on *Knue v Smith*, 478 Mich 88; 731 NW2d 686 (2007), as analogous. We disagree.

We review de novo both the trial court's interpretation of a court rule and its decision to award sanctions. *Ayre v Outlaw Decoys, Inc*, 256 Mich App 517, 520; 664 NW2d 263 (2003). Generally, the rules governing statutory interpretation apply equally to the interpretation of court rules. *Yudashkin v Holden*, 247 Mich App 642, 649; 637 NW2d 257 (2001). If the plain meaning of the language of the court rule is clear, "then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used." *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002).

MCR 2.405(A)(1) states:

> "Offer" means a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. If a party has made more than one offer, the most recent offer controls for the purposes of this rule.

Few cases have addressed the question of what constitutes a "sum certain" for purposes of MCR 2.405(1). In *Knue*, a quiet-title action, the Michigan Supreme Court held that the plaintiffs' offer of $3,000 to the defendants in return for a quitclaim deed was not an offer of a sum certain. *Knue*, 478 Mich at 90, 93 (opinion by TAYLOR, C.J.); *id.* at 97 (YOUNG, J., concurring). The plaintiffs had filed an action to quiet title, stating that they had acquired a strip of land through adverse possession. The plaintiffs' attorney sent the defendants an offer for settlement under MCR 2.405. The plaintiffs offered to pay the defendants $3,000 for a quitclaim

deed with the stipulation that the parties would dismiss all claims "with prejudice and without costs . . . ." *Id.* at 90 (opinion by TAYLOR, C.J.). The defendants replied that the offer did not qualify as an offer of judgment under MCR 2.405 and they did not accept it. The trial court and the Court of Appeals determined that the offer was for a sum certain under MCR 2.405. *Id.* at 90-92.

On appeal, the Michigan Supreme Court reversed. The Court found that the plaintiffs' offer fell outside the scope of MCR 2.405(A)(1), and no costs or attorney fees were awarded. The Court determined that the offer of judgment rule does not apply to lawsuits when the offer would not result in a judgment for a sum certain. In his lead opinion, then Chief Justice TAYLOR stated:

> [T]o be an "offer" the offer must propose to stipulate the entry of a *judgment in a sum certain.* There is no latitude given in this rule for offers of judgment that culminate in something other than a "judgment for a sum certain." That is, it is nonconforming for the offer to require a reciprocal exchange of cash for the execution of a recordable real estate document culminating in a judgment of dismissal with prejudice and without costs. For such an offer, the offer of judgment rule is simply inapplicable and no consideration of the distinctions between equity and law is required to resolve this matter. [*Id.* at 93.]

Chief Justice TAYLOR determined that the plaintiffs' offer of a quitclaim deed in exchange for $3,000 and a judgment of dismissal was not for a sum certain because it fell outside the scope of MCR 2.405(A)(1). *Id.* He stated that the offer of judgment rule does not apply to offers that are not for a sum certain. *Id.* Because the plaintiffs' offer did not meet the requirements of the rule, they were not entitled to sanctions under the rule. *Id.* at 93-94.

Justices CAVANAGH and CORRIGAN concurred with Chief Justice TAYLOR. Justices YOUNG, WEAVER, and KELLY concurred in the result. Justice YOUNG, joined by Justice WEAVER, stated that because "plaintiffs' offer required a quit claim deed in addition to the transfer of $3,000, the offer could not be for a sum certain. Therefore, MCR 2.405 does not apply to this case." *Id.* at 97 (YOUNG, J., concurring).

*Knue* is distinguishable from the present case because this case does not involve a reciprocal exchange or a condition. In this case, defendant served plaintiffs with a document titled "OFFER OF JUDGMENT." A footnote in defendant's offer stated:

> As a point of clarification, the $25,000.00 offer of judgment represents an amount to be paid to the Plaintiffs in addition to the original $300,000.00 purchase price for acquiring certain clients from Mr. McManus. The amount currently owing on the original purchase price is $200,617.04 and requires monthly payments bearing interest at the fixed rate of 7% amortized over a ten year period commencing January 1, 2003 as set forth on the attached amortization schedule.

Plaintiff argues that this footnote made the offer "conditional" and not for a sum certain. We disagree. It is clear from the language of defendant's offer that the offer was not conditional but for a sum certain of $25,000. The footnote merely acknowledged the outstanding balance on the business purchase and that the offer of judgment did not affect the outstanding obligation under that agreement. We conclude that it is very clear from the language of defendant's offer that it was an offer for a sum certain.

Additionally, both parties cite *Hessel v Hessel*, 168 Mich App 390; 424 NW2d 59 (1988), in their briefs. *Hessel* is also distinguishable from this case. In *Hessel*,

168 Mich App at 395, this Court held that, in a divorce proceeding, a proposed property settlement was not a "sum certain." The defendant offered the plaintiff real estate, a car, household furnishings, and certificates of deposit. The "[d]efendant valued the property he offered [the] plaintiff at $143,200." *Id.* The trial court valued the same property at approximately $108,000. *Id.* This Court held that a proposed property settlement did not offer a sum certain; it offered a division of marital property. *Id.* The Court reasoned that there was no way that the defendant's offer of the items could be equated with a "sum certain." *Id.* The Court noted that even if the worth of the property were considered a "sum" for purposes of MCR 2.405, it was still not "certain." *Id.*

In the case at bar, defendant's offer was for a sum certain. Therefore, it complied with the requirements of MCR 2.405.

Plaintiff next argues that the circuit court should have determined whether MCR 2.405 applies to actions in equity. Plaintiff claims that in examining the rule, it is clear that the intent of the rule is that it not apply in equitable actions and because plaintiffs' claim was wholly in equity, defendant cannot recover under the court rule. We disagree.

There is nothing in MCR 2.405 that states that the rule does not apply to equitable actions. In *Knue*, the lead opinion did not touch on the issue whether MCR 2.405 applied to actions seeking equitable relief. However, in her concurring opinion, Justice KELLY stated, "I would hold that the offer of judgment rule, MCR 2.405, is inapplicable when equitable relief is sought." *Knue*, 478 Mich at 94 (KELLY, J., concurring). To the contrary, in his dissent, Justice MARKMAN stated that "[t]he

language of MCR 2.405 does not differentiate between legal and equitable claims." *Id.* at 97 (MARKMAN, J., dissenting).

In this case, plaintiff claims that the case was wholly in equity. We disagree. Plaintiffs' first amended complaint alleged a breach of contract, stating: "WHEREFORE, Plaintiffs respectfully request entry of a judgment in their favor and against the Defendant that grants to Plaintiffs damages to be determined by the Court caused by Defendant's breaches of contract along with applicable costs, interest, and attorney fees." It is clear from the language of plaintiffs' first amended complaint that plaintiffs' case was not wholly based in equity. Plaintiffs' complaint asked for monetary damages. The offer of judgment only offered monetary damages. Even if the offer of judgment rule does not apply to purely equitable actions, we conclude that, at the minimum, it does apply to mixed law and equity actions in which the offer of judgment only offers monetary damages and the equitable claims are to be dismissed.

Affirmed.