*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

31341 VAN BORN RD, LLC and ALLIE BERRY,

Plaintiffs-Appellees,

v

MCPHERSON OIL COMPANY,

Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No.  342740
Wayne Circuit Court
LC No.  16-016394-CB

Before:  MURRAY, C.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant McPherson Oil Company appeals as of right the trial court's order denying, in part, its motion for costs under MCR 2.405.  For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In November 2015, plaintiff 31341 Van Born Rd, LLC, owned in part by plaintiff Allie Berry, entered into a purchase agreement (Purchase Agreement) with R.B.G. Company, LLC (RBG),[1] owned by Randy Ault, Gary Ianni, and Kevin Ault (the Aults), for the sale of real property—an automobile service station.  At the time, the Aults had a separate Petroleum Marketing Practices Act (PMPA) Motor Fuels Dealer Franchise Agreement (Franchise Agreement) with defendant, whereby defendant granted RBG the right to sell its trademarked motor fuel at the service station.

The sale of the service station from RBG to plaintiffs was contingent upon defendant's consent to assignment to plaintiffs of the rights granted in the Franchise Agreement.[2]  But defendant ultimately refused its consent, and the sale fell through.[3]

---

[1] RBG was not a party to this case.

[2] Specifically, the Franchise Agreement stated:

-1-

Plaintiff Van Born filed suit against defendant[4] in December 2016, later amending the complaint on January 17, 2017, to add Allie Berry as a plaintiff, alleging tortious interference with a business relationship or expectancy, and that defendant unreasonably withheld its consent in violation of the Motor Fuel Distribution Act, MCL 445.1801 *et seq*. And just three days later, on January 20, 2017, defendant filed an offer "to stipulate to the entry of a judgment in the amount of $1.00 inclusive of all interest and costs as to all claims made by Plaintiffs . . . ."

Settlement negotiations took place throughout February and March of 2017, whereby plaintiffs essentially offered to pay defendant in exchange for its voluntary termination of the Franchise Agreement. Ultimately, however, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), and dismissed plaintiffs' claims.[5]

Following dismissal, defendant filed a motion asserting entitlement to costs and attorney fees under MCR 2.405, on the basis that its $1 offer of judgment was more favorable to plaintiffs than the trial court's final verdict. Although the trial court awarded costs of $123, it refused to award attorney fees in the interest of justice because defendant's offer of judgment was not meaningful given the fact that this case was about consent to assignment, not money.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion when it refused to award attorney fees, asserting that MCR 2.405 applies to cases involving both equitable and monetary relief, and that the interest-of-justice exception should not otherwise apply because plaintiffs failed to demonstrate gamesmanship, or that the case involved an issue of first impression or public interest.

---

Any attempts by Dealer [the Aults] to transfer this Agreement or any interest therein, in whole or in part, by assignment, sale, gift, mortgage, pledge, or other means without Company's [defendant's] prior written approval, shall constitute a default of this Agreement and any such transfer shall be void. Any attempt to transfer the franchise to a corporation, partner, partnership or other entity shall, unless specifically permitted by state law without regard to any provision of the franchise, constitute a prohibited assignment and shall be void. Any proposed transferee must meet Company's normal standards including, but not limited to, credit, financial condition, business and personal qualifications, business obligations, and dealer training, and must agree to assume Dealer's duties under this Agreement.

[3] The details of defendant's refusal to consent are not pertinent to the issue raised on appeal.

[4] Plaintiffs also simultaneously filed a separate lawsuit against RBG.

[5] This Court denied plaintiffs' delayed application for leave to appeal the trial court's summary disposition order. *31341 Van Born Rd LLC v McPherson Oil Co*, unpublished order of the Court of Appeals, entered October 10, 2018 (Docket No. 343766).

In general, the interpretation and application of the offer-of-judgment rule is reviewed de novo. But the trial court's findings of fact underlying an award of attorney fees are reviewed for clear error. A finding of the trial court is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. This Court reviews for an abuse of discretion the trial court's decision regarding whether to refuse to award attorney fees under the interest-of-justice exception, MCR 2.405(D)(3). [*AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 516-517; 844 NW2d 470 (2014) (citations omitted).]

"A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Tennine Corp v Boardwalk Commercial, LLC*, 315 Mich App 1, 18; 888 NW2d 267 (2016).

Under MCR 2.405, a party may serve on its opponent a written offer, for a "sum certain," to stipulate to the entry of judgment. MCR 2.405(A)(1) and (B); *Tennine Corp*, 315 Mich App at 18. "If the offeree rejects the offer and the adjusted verdict is more favorable to the offeror than the average offer, the offeror may recover actual costs from the offeree." *Tennine Corp*, 315 Mich App at 18 (quotation marks and citation omitted); see also MCR 2.405(D)(1). "Actual costs" are "costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6).

"The purpose of the offer of judgment rule is to avoid protracted litigation and encourage settlement." *Tennine Corp*, 315 Mich App at 18 (quotation marks and citation omitted). A trial court may only refuse to award attorney fees under the rule if such refusal is "in the interest of justice." MCR 2.405(D)(3). This exception is limited, and should only be applied in the face of unusual circumstances. *AFP Specialties, Inc*, 303 Mich App at 518-519. "Factors such as the reasonableness of the offeree's refusal of the offer, the party's ability to pay, and the fact that the claim was not frivolous are too common to constitute the unusual circumstances encompassed by the interest of justice exception." *Id*. at 519 (quotation marks and citation omitted). However, the interest of justice exception may apply where: (1) token or *de minimis* offers are made for gamesmanship purposes, or a case involves (2) an issue of first impression, or (3) an issue of public interest. *Luidens v 63rd Dist Court*, 219 Mich App 24, 35-36; 555 NW2d 709 (1996).

The trial court refused to award attorney fees on the basis that defendant's offer of judgment was strategic, rather than meaningful, because the case was about consent, and money would not have resolved the matter.[6] We note first that neither the Supreme Court, nor this Court, have held that MCR 2.405 does not apply to purely equitable actions. See *McManus v Toler*, 289 Mich App 283, 289-290; 810 NW2d 38 (2010) (holding that "[t]here is nothing in MCR 2.405 that states that the rule does not apply to purely equitable actions," but "[e]ven if the

---

[6] Specifically, the trial court stated: "So this case wasn't about money, this case was about getting your client to consent so that they could buy the gas station. So I don't even know that the offer of judgment in this case was meaningful at all, and therefore if it wasn't meaningful it was a strategic move on [the part of defendant's counsel.]"

offer of judgment rule does not apply to purely equitable actions, . . . at the minimum, it does apply to mixed law and equity actions in which the offer of judgment only offers monetary damages and the equitable claims are to be dismissed"). And in their complaint, plaintiffs requested both equitable relief and monetary damages. Nevertheless, we hold that the trial court did not abuse its discretion in concluding that defendant's offer was strategic, rather than meaningful.

As the trial court reasoned, plaintiffs' case was ultimately about gaining defendant's consent to assignment of the Franchise Agreement. Thus, under these circumstances a *de minimis* $1 offer of judgment cannot be considered a sincere effort at negotiation towards reaching a settlement. Indeed, defense counsel even admitted at the motion hearing that he requested adjournment of case evaluation throughout the proceedings for the strategic purpose of securing costs and attorney fees under MCR 2.405. The timing of defendant's offer of judgment also suggests gamesmanship. See *Luidens*, 219 Mich App at 35. Defendant filed the offer just three days after plaintiffs filed their first amended complaint, while negotiations continued between the parties for plaintiffs to avoid consent by paying defendant to terminate the Franchise Agreement. Accordingly, in light of the deference afforded to the trial court under the abuse of discretion standard, the trial court's refusal to award defendant attorney fees under MCR 2.405 was not outside the range of reasonable and principled outcomes. *Tennine Corp*, 315 Mich App at 18.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan

-4-