*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SALEEM CHAUDHARY,

Plaintiff/Counterdefendant-Appellant,

UNPUBLISHED
June 15, 2023

v

No. 360655
Oakland Circuit Court
LC No. 2017-162435-CZ

JDS PUMP N GO, LLC and STEPHAN MAZUR,

Defendants/Counterplaintiffs-
Appellees.

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Plaintiff, Saleem Chaudhary, appeals by delayed leave granted[1] the order granting defendants', JDS Pump N Go, LLC and Stephan Mazur, motion for order to show cause. We reverse.

## I. BACKGROUND

This Court summarized the factual background for these cases in its judgment respecting plaintiff's initial appeal:

> This appeal arises from a contractual dispute between the parties. Beginning in May 2004, plaintiff rented space for his airplane in a hangar located at the Troy, Michigan airport, then owned by JDS Pump N Go, LLC (JDS), and managed by Stephan Mazur. The parties initially entered into a written lease agreement, which was renewed and modified through various written addendums. After the expiration of the last written addendum in 2009, the parties entered into

---

[1] *Chaudhary v JDS Pump N Go LLC*, unpublished order of the Court of Appeals, entered August 24, 2022 (Docket No. 360655).

-1-

an oral agreement for the continued storage of the airplane in the hangar. Under the terms of this oral agreement, plaintiff was to pay defendants $200 per month.

During the next several years, plaintiff encountered difficulties in making timely rent payments and his account with JDS often fell into arrears. Plaintiff's failure to pay rent resulted in defendants removing the airplane from the hangar for a brief period in 2011. However, the parties apparently resolved their differences as the airplane was again placed inside of the hangar. The airplane remained stored in the hangar until, at an unidentified time, it was again removed from the hangar. In August of 2017, plaintiff received a telephone call from an unidentified individual interested in purchasing the airplane. The individual informed plaintiff that the airplane had been sitting outside the hangar for several years and had fallen into disrepair. Plaintiff telephoned Mazur who informed plaintiff that the airplane had been placed outside the hangar the previous week. After this conversation, plaintiff—who had not gone to the hangar on a regular basis since 2011—went to the hangar to inspect the airplane. He found the airplane in serious disrepair, with damage to the interior and exterior of the airplane, as well as to its avionics. Plaintiff removed the airplane from the premises with the assistance of the airport's manager and an aircraft mechanic, both of whom informed plaintiff that the airplane had been outside of the hanger for a period longer than one week.

Plaintiff filed a complaint against defendants, alleging defendants had breached the oral lease agreement by removing the airplane from the hangar two years earlier. Additionally, plaintiff's complaint alleged Mazur committed silent fraud by not informing plaintiff of the airplane's removal from the hangar. Defendants counterclaimed, alleging that plaintiff breached the oral lease agreement by failing to pay rent for the airplane's storage. [*Chaudhary v JDS Pump N Go LLC*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2020 (Docket No. 347000), pp 1-2.]

Defendants counterclaimed for account stated related to their breach-of-contract claim against plaintiff. We did not address the account stated claim during the initial appeal because plaintiff did not raise any issues related to defendants' account stated claim. *Chaudhary*, unpub op at 2 n 1.

Following completion of discovery, defendants filed a motion for summary disposition on all claims under MCR 2.116(C)(10). The trial court entered a scheduling order which directed plaintiff's "responsive motion and supporting brief shall be filed and received by the Court and opposing counsel on or before November 21, 2018 by 4:30 p.m. If [plaintiff's] responsive motion and supporting brief is not timely filed the Court will assume there is no law to support the party's position."

Plaintiff's counsel filed his response at 10:57 p.m. on November 21, 2018, several hours after the deadline set in the scheduling order. The trial court informed plaintiff at oral argument that it declined to consider the contents of plaintiff's response because it was not filed by the trial court's stated deadline. Additionally,

at oral argument, defendants relied on their briefs and the trial court thereafter waived any oral argument.

The trial court then made findings on the record and through a written opinion and order. Concerning the breach-of-contract claims, the trial court found that (a) a contract existed between the parties, (b) plaintiff had breached the contract by failing to pay rent in accordance with the contract's terms, (c) plaintiff's failure to pay rent constituted the first substantial breach of the contract, and (d) defendants sustained damages. As a result, the trial court found "defendants are entitled to summary disposition of plaintiff's breach-of-contract claim against them and entitled to summary disposition on their own breach-of-contract claim . . . ." The trial court also found, as to plaintiff's claim of silent fraud, that plaintiff "failed to allege any separate or distinct duty defendants owed him other than those provided for in the contract." As a result, the trial court opined that Mazur was entitled to summary disposition concerning plaintiff's silent fraud claim. The trial court's written order also resolved the other claims alleged in plaintiff's complaint and defendants' countercomplaint. Consequently, the trial court entered a judgment of $17,600 in favor of defendants [for their breach of contract and account stated claims]. This appeal ensued. [*Chaudhary*, unpub op at 2.]

In plaintiff's initial appeal, he argued "the trial court erred in granting summary disposition in favor of defendants because several factual disputes exist relative to plaintiff's silent fraud claim and defendants' breach-of-contract claims." *Id*. at 5. This Court ruled that the trial court erred in granting summary disposition in favor of defendants for their breach-of-contract claim because genuine issues of material fact existed whether plaintiff's previous breaches were either waived by defendants or rectified. *Id*. at 7. This Court also ruled that the trial court improperly granted summary disposition regarding plaintiff's breach-of-contract claim but affirmed the trial court's decision regarding plaintiff's silent fraud claim. *Id*. at 7-9. Therefore, this Court affirmed in part and reversed in part and remanded for further proceedings.

In August 2021, defendants moved for an order to show cause because plaintiff failed to comply with the trial court's December 2018 judgment. Defendants argued that this Court's decision in Docket No. 347000 did not alter the trial court's grant of summary disposition and entry of judgment on defendants' counterclaim for account stated and award defendants $17,600. Defendants asserted that, because plaintiff refused to appear for a creditor's examination, he should be compelled to pay sanctions under MCR 2.504, and found in civil contempt under MCR 3.606. Plaintiff opposed the motion arguing that defendants asserted a meritless counterclaim for account stated because plaintiff had since paid in full the amounts defendants sought. Further, plaintiff argued that defendants mistakenly claimed that they had a judgment against plaintiff, because this Court reversed the trial court's decision concerning plaintiff's and defendants' respective breach-of-contract claims.

In September 2021, the trial court entered an order granting defendants' motion in part and denying it in part, reasoning:

Having reviewed the parties' arguments as well as the COA's opinion, this Court finds that the COA only reviewed this Court's decision on plaintiff's breach

of contract and silent fraud claims such that it did not expressly reverse this Court's decision on defendants' breach of contract or their account stated claim. Accordingly, this Court finds that the COA's opinion did not affect the December 21, 2018, judgment that awarded defendants $17,600 exclusive of costs and attorney's fees on their breach of contract AND account stated claims. To the extent that it is possible to interpret that the COA's opinion may have impacted defendants' breach-of-contract claim, this Court does not find that it is appropriate to find plaintiff in civil contempt at this time.

Plaintiff moved for reconsideration of the trial court's September 2021 order, arguing that the trial court's order permitting defendants to execute upon the judgment of the account stated claim would render this Court's decision on the parties' breach-of-contract claims meaningless. Plaintiff asserted that defendants' account stated claim covered identical subject matter and damages as their breach-of-contract claim. Because this Court found that issues of fact precluded summary disposition on the breach-of-contract claim, allowing defendants to execute upon the judgment on the account stated claim would essentially allow defendants to prevail on their breach-of-contract claim. In November 2021, the trial court entered an order denying plaintiff's motion for reconsideration, finding that plaintiff presented the same issues and arguments it had already ruled upon. Further, the trial court held that, because defendants' account stated claim stated a completely distinct cause of action from their breach-of-contract claim, and this Court only reversed judgment on the breach-of-contract claim, no ground existed for granting plaintiff's motion.

Defendants filed a second motion for an order to show cause alleging that plaintiff refused to abide by the trial court's judgment and orders by failing to appear for two creditor's examinations. Plaintiff responded, arguing that under MCR 2.614, defendants could not execute upon the $17,600 judgment before the trial court entered a final judgment or order under MCR 7.202(6). Plaintiff contended that, because this Court reversed the trial court's breach-of-contract decision, all claims had not been adjudicated, no final judgment or order had been entered, and defendants had no right to execute on the $17,600 judgment. In the December 2021 motion hearing, the trial court reaffirmed its September 2021 order and ruled that the December 2018 order was a final order, and ordered plaintiff to appear for a creditor's examination within 30 days, and to the extent plaintiff failed to comply with the creditor's examination, ordered a show cause hearing.

In March 2022, plaintiff moved for relief from the trial court's September 2021 order, claiming that the trial court erred because: (1) this Court held that the trial court improperly granted summary disposition in favor of defendants for their breach-of-contract claim; (2) defendants' account stated claim was dependent on their breach-of-contract claim because both claims covered the same subject matter and damages; (3) allowing the judgment on the account stated claim to stand would essentially render this Court's holding on the breach-of-contract claim meaningless; and (4) defendants' account stated claim lacked evidentiary support. Defendants contended that plaintiff's motion should be denied because: (1) plaintiff's motion actually sought reconsideration under MCR 2.119(F)(3); (2) relief under MCR 2.119(F)(3) is not warranted because plaintiff presented issues the trial court already ruled upon; (3) plaintiff's motion was untimely; and (4) plaintiff continued to disregard the trial court's September 2021 order requiring plaintiff to appear for a creditor's examination. The trial court denied plaintiff's motion for relief, concluding that

-4-

plaintiff failed to present a reason justifying relief from the judgment under MCR 2.612(C)(1)(f). The trial court also found that plaintiff's motion was actually a motion for reconsideration, and denied it as untimely under MCR 2.119(F)(1).

The same day plaintiff moved for relief from the September 2021 order, plaintiff filed a delayed application for leave to appeal the trial court's December 2021 order for a creditor's examination. This Court granted plaintiff's application, and this appeal followed. *Chaudhary v JDS Pump N Go LLC*, unpublished order of the Court of Appeals entered August 24, 2022 (Docket No. 360655).

## II. FINAL JUDGMENT

Plaintiff argues the trial court erred by allowing defendants to pursue collection activities because the trial court's December 2018 order was not a final order or judgment under MCR 7.202(6). We agree.

## A. STANDARDS OF REVIEW

The decision whether to issue an order of contempt is left to the sound discretion of the trial court, and is reviewed for an abuse of discretion. *Schoensee v Bennett*, 228 Mich App 305, 316; 577 NW2d 915 (1998) (citation omitted). "An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion." *Id*. at 314-315. "Before an order to show cause why a party should not be held in contempt may issue, there must be a sufficient foundation of competent evidence, and legitimate inferences therefrom." *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 625; 821 NW2d 896 (2012) (quotation marks and citations omitted). "But a finding of willful disobedience of a court order is not necessary for a finding of civil contempt." *Id*. (citation omitted). "Whether the lower court properly followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 406; 952 NW2d 586 (2020) (quotation marks and citation omitted).

Questions involving the interpretation of court rules are also reviewed de novo. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007). "Generally, the rules governing statutory interpretation apply equally to the interpretation of court rules." *McManus v Toler*, 289 Mich App 283, 286; 810 NW2d 38 (2010). "If the plain meaning of the language of the court rule is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used." *Id*. (quotation marks and citation omitted.)

## B. ANALYSIS

MCR 2.614(A)(1) provides in relevant part: "Except as provided in this rule, execution may not issue on a judgment and proceedings may not be taken for its enforcement until 21 days after a final judgment (as defined in MCR 7.202[6]) is entered in the case." MCR 7.202(6) in relevant part defines a "final judgment" or "final order" in a civil case as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order." MCR 7.202(6)(a)(i). It is axiomatic that, unless a final order or judgment has been entered that disposed

of all of the parties' claims and adjudicated the rights and liabilities of the parties, then no execution on a judgment may occur.

The December 2018 order granted defendants' motion for summary disposition and awarded defendants $17,600 for both their breach-of-contract and account stated claims. This Court expressly held the trial court erred in granting summary disposition for defendants' breach-of-contract claim, stating:

> While the terms of the written lease agreement provided defendants with substantial discretion concerning the removal of the airplane from the hangar after a breach, the record—taken in the light most favorable to plaintiff—demonstrates that *questions of fact exist as to whether plaintiff's previous breaches were either waived by defendants or rectified*. Evidence revealed that defendant returned plaintiff's airplane to the hangar on at least two occasions, and further, defendants continued to accept plaintiff's rental payments well after he was admittedly in breach. See *Grand Rapids Asphalt Paving Co v City of Wyoming*, 29 Mich App 474, 483; 185 NW2d 591 (1971) (stating waiver of a breach of contract can be evidenced by the nonbreaching parties "declarations, acts, and conduct . . . ."). Taken as a whole, and viewed in the light most favorable to plaintiff, *Zaher*[ *v Miotke*], 300 Mich App [132,] 140[; 832 NW2d 266 (2013)], record evidence reveals that the trial court erred in granting summary disposition in favor of defendants concerning their breach-of-contract claim. *Id.*
>
> This conclusion also reveals the trial court's error in granting summary disposition in favor of defendants concerning plaintiff's breach-of-contract claim. [*Chaudhary*, unpub op, 7.]

This Court explained that the trial court improperly granted summary disposition in favor of defendants regarding plaintiff's breach-of-contract claim because evidence indicated that defendants continued to accept plaintiff's lease payments after his initial breach which gave rise to an inference that defendants waived plaintiff's breach; caselaw dictated that a party who waives a breach through continued acceptance of a breaching party's performance may still be held liable for its own breach of the contract and the record revealed the existence of genuine issues of material fact concerning the contractual relationship between the parties, warranting reversal of the trial court's decision. *Id.* at 8.

This Court determined that the trial court correctly granted defendants summary disposition of plaintiff's silent fraud claim. *Id.* at 8-9. This Court, therefore, affirmed in part and reversed in part and remanded for further proceedings consistent with its opinion. *Id.* at 9. This Court only affirmed the portion of the trial court's ruling that dismissed the silent fraud claim; both plaintiff's and defendants' breach-of-contract claims were reversed and remanded to the trial court for further proceedings.

The record reflects that the trial court based its December 2021 order on its September 2021 order, concluding that this Court's opinion did not affect defendants' breach-of-contract or account stated claims. The trial court's conclusion was incorrect and violated the law-of-the-case doctrine, which provides that a "trial court may not take any action on remand that is inconsistent

with the judgment of the appellate court." *Sumner v GMC*, 245 Mich App 653, 662; 633 NW2d 1 (2001) (quotation marks and citations omitted). Although this Court did not address defendants' account stated claim, it expressly found that the trial court erred in granting summary disposition for defendants' breach-of-contract claim and remanded the case for further proceedings consistent with its opinion. The December 2018 order, therefore, lacked finality under MCR 7.202(6)(a)(i), because this Court reversed the trial court and ordered further proceedings for adjudication of the parties' respective breach-of-contract claims.

Although breach-of-contract and account stated claims are independent causes of action, *Fisher Sand & Gravel Co v Neal A Newbie, Inc*, 494 Mich 543, 557-558, 561; 837 NW2d 244 (2013), the trial court awarded defendants $17,600 *jointly* for their breach-of-contract and account stated claims. Because this Court ruled that plaintiff's and defendants' breach-of-contract claims were subject to further adjudication, *Chaudhary*, unpub op, 7-9, it logically follows that the joint award for the breach-of-contract and account stated claims may change depending on the outcome of further proceedings. Regardless, the remaining claims have not been adjudicated and no final judgment exists.

Moreover, an "account stated claim is most clearly defined under Michigan law." *Fisher Sand & Gravel Co*, 494 Mich at 557. Our Supreme Court explained:

> An account stated is a contract based on assent to an agreed balance, and it is an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the amount due. This Court has characterized an account stated as but an expression to convey the idea of a contract having an account for its consideration, and is no more an account than is a promissory note or contract, having a like consideration for its support. An account stated, like all contracts, requires mutual assent. Specifically, an account stated requires the manifestation of assent by both parties to the correctness of the statement of the account between them. [*Id*. (citations, quotation marks and brackets omitted).]

Given the definitional requirements of an account stated claim, the record does not support that the parties in this instance "assent[ed] . . . to the correctness of the statement of the account between them." *Id*.[2] Further, given the absence of any agreement regarding an amount owed, it is impossible to meet the requirements for an account stated, necessitating further review and consideration by the trial court, and obviating the propriety of the enforcement of defendants' account stated claim. In this case, the trial court placed the cart before the horse. If, and until, a determination is made regarding the breach-of-contract actions, there is no final "judgment" which can be enforced.

Defendants assert that plaintiff's failure to specifically challenge the trial court's ruling on the account stated claim in the first appeal precludes us from considering that ruling. Specifically, defendants, citing to MCR 7.209(A)(1) regarding the enforceability of a judgment absent issuance

---

[2] From the record before this Court, it is unclear whether defendants ever presented plaintiff with a statement of account that set forth the indebtedness in the amount defendants claim and as represented in the affidavit attached to their counterclaim in relation to their account stated claim.

of a stay, contend that because there was no stay of enforcement of the account stated ruling, and the account stated claim is independent of the breach-of-contract claim, plaintiff's current appeal lacks merit. This argument disregards this Court's previous judgment and fails to recognize that, because of this Court's reversal, a final adjudication of all claims of all parties has not been entered, and lacking that, defendants cannot begin execution upon a judgment.

Further, as our Supreme Court explained in *Fisher Sand & Gravel*, an account stated may arise two ways:

> [T]he debtor's new promise to pay is a matter of express or implied contract, depending on the conduct of the parties. When the parties expressly agree to the sum due, the stated account forms an express contract. By contrast, when one party's assent is inferred from inaction, the stated account operates to form an implied contract. No matter the method of assent, the debtor in an account stated action has received goods or services without having paid for them, and an action exists when the price of those goods or services is greater than the sum paid. [*Fisher Sand & Gravel Co*, 494 Mich at 558-559 (citations and footnotes omitted).]

Defendants appear to contend plaintiff's failure to explicitly challenge the account stated ruling in his initial appeal is the equivalent of, or results in, an implicit assent to the judgment amount as an account stated. In the lower court, however, plaintiff challenged whether he or defendants first breached their contractual obligations and contested the amount owed and by whom. Further, in answer to defendants' account stated claim, plaintiff denied the allegations and submitted an affidavit contesting the claim and the amount allegedly owed as required under MCL 600.2145. Plaintiff did not expressly or impliedly consent to the account stated amount. Plaintiff's failure to explicitly challenge the account stated ruling in his initial appeal should not be construed as a concession or "inaction," which would "operate[] to form an implied contract." *Id*. at 559. The record indicates that in the trial court plaintiff disputed not only defendants' breach-of-contract claim but also their account stated claim. Thus, the legal independence of the claims is not dispositive, when the arguments made in the trial court encompassed both claims. Therefore, the trial court abused its discretion by permitting defendants to attempt collection upon the $17,600 award when no final judgment had been entered because this Court reversed and remanded the case for further proceedings.

III. CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion and this Court's previous judgment. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

-8-