*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETERSEN FINANCIAL LLC,

        Plaintiff-Appellant,

v

CITY OF KENTWOOD and KENT COUNTY TREASURER,

        Defendants-Appellees.

UNPUBLISHED
December 08, 2025
2:38 PM

No. 367769
Kent Circuit Court
LC No. 16-011820-CH

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Plaintiff, Petersen Financial LLC, appeals as of right the trial court order denying its motion for costs under MCR 2.405(D). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The history of this case is long and involves multiple appeals to this Court and to the Michigan Supreme Court that culminated in an entry of judgment in favor of Petersen Financial.[1] As relevant to the limited issue raised in this appeal, after judgment was entered in its favor,

---

[1] See *Petersen Fin, LLC v City of Kentwood*, 326 Mich App 433; 928 NW2d 245 (2018) (affirming in part and reversing in part the trial court's order granting summary disposition to defendants and remanding for further proceedings); *Petersen Fin, LLC v City of Kentwood*, 337 Mich App 460; 976 NW2d 961 (2021) (reversing the trial court's order granting summary disposition and remanding for entry of judgment in favor of Petersen Financial); *Petersen Fin, LLC v City of Kentwood*, 509 Mich 919 (2022) (granting oral argument on the application for leave to appeal); *Petersen Fin, LLC v City of Kentwood*, 988 NW2d 746 (2023) (denying application for leave to appeal); and *Petersen Fin, LLC v City of Kentwood*, 511 Mich 1038 (2023) (denying motion for reconsideration).

Petersen Financial filed a motion for costs and attorney fees under MCR 2.405, based upon two offers of judgment that it made during the pendency of the litigation.

In response, the City argued that neither offer satisfied the definition of "offer" in MCR 2.405 and that, alternatively, the court should deny the motion for costs under the interest-of-justice exception to MCR 2.405. In a separate filing, the Kent County Treasurer argued that no costs should be assessed against him because he was a nominal party to the action given that he had no authority to accept or satisfy the terms of the purported offers. In reply, Petersen Financial maintained that both offers satisfied the definition of "offer" in MCR 2.405 and that its decision to include "clarifying factors" did not render its offers conditional. It also argued that the interest-of-justice exception did not apply, but it did not address the Treasurer's claim that he lacked the authority to effectuate the relief demanded in the offers of judgment. Instead, during argument on the motion, it conceded that there was "some truth" to the Treasurer's position, did not offer any argument against that position, and stated that it would "leave [the matter] up to the Court's discretion."

Following a hearing on motion, the trial court entered an order denying the motion for costs. This appeal follows.

## II. MOTION FOR COSTS UNDER MCR 2.405(D)

### A. STANDARD OF REVIEW

At issue in this case is whether the trial court erred by determining that the offers of judgment made by Petersen Financial constituted "offers" within the meaning of MCR 2.405(D). We review de novo a trial court's application and interpretation of the court rules. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 367; 986 NW2d 451 (2022). "When ascertaining the meaning of a court rule, the reviewing court should focus first on the plain language of the rule in question, and when the language of the rule is unambiguous, it must be enforced as written." *Id.* (quotation marks and citation omitted). We review for an abuse of discretion the trial court's overall decision to award costs under MCR 2.405(D). *JC Building Corp II v Parkhurst Homes, Inc*, 217 Mich App 421, 426; 552 NW2d 466 (1996).

### B. ANALYSIS

Petersen contends that the trial court erred by denying its motion for costs under MCR 2.405(D). We disagree.

"[T]he purpose of MCR 2.405 is to encourage settlement and to deter protracted litigation." *Stitt v Holland Abundant Life Fellowship*, 243 Mich App 461, 475; 624 NW2d 427 (2000). "Under MCR 2.405, the offer of judgment rule, a party may serve on his or her opponent a written offer to stipulate [to] the entry of a judgment." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Co Club*, 283 Mich App 264, 297; 769 NW2d 234 (2009). As relevant to this case, MCR 2.405(A)-(C) states procedures through which a party may offer to stipulate to entry of judgment for all or part of a claim, and through which a party may accept or reject such an offer. MCR 2.405(D)(1) authorizes the imposition of costs when such an offer is rejected and "the adjusted

verdict is more favorable to the offeror than the average offer . . . ." MCR 2.405(A)(1). The term "offer" is defined as

> a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. If a party has made more than one offer, the most recent offer controls for purposes of this rule.

The term "sum certain" means a fixed or exact amount. *Central Cartage Co v Fewless*, 232 Mich App 517, 530-532; 591 NW2d 422 (1998).

Here, Petersen Financial made two offers of judgment. Its April 20, 2017, offer of judgment provided:

> Plaintiff, Petersen Financial, LLC, offers to stipulate to entry of Judgment in favor Defendant in the amount of One Hundred Twenty-Five Dollars ($125.00) inclusive of costs and attorney fees pursuant to MCR 2.405 for complete resolution of Count I and in the amount of One Hundred Fifty Dollars ($100.00) inclusive of costs and attorney fees for complete resolution of Count III *together with the entry of a recordable Order declaring that no amounts are due under said count, and the asserted recorded instruments recited in said count are not valid against Plaintiff's property*. (Emphasis added).

And its May 29, 2019, offer of judgment provided:

> Plaintiff offers to stipulate to the entry of Judgment in favor of Defendants in the amount of $30,000 in complete satisfaction of all of Plaintiff's claims *(i.e., all asserted special assessments will be extinguished and a quiet title order will be entered in Plaintiff's favor)*, inclusive of costs and attorney fees pursuant to MCR 2.405. (Emphasis added).

On appeal, defendants rely on *Knue v Smith*, 478 Mich 88; 731 NW2d 686 (2007) to argue that the offers were nonconforming under MCR 2.405 because the emphasized language imposed conditions in addition to an offer of judgment for a sum certain. The trial court found *Knue* to be controlling. We agree. In *Knue*, the purported offer of judgment provided that "in return for payment by plaintiffs to defendants of $3,000, the defendants would convey the disputed land to plaintiffs by quitclaim deed and the parties would stipulate to a dismissal of all claims with prejudice and without costs." *Id*. at 90 (quotation marks and citation omitted). The plaintiffs contended that the offer was for a "sum certain" under MCR 2.405, but the Supreme Court disagreed. *Id*. at 93 (opinion by TAYLOR, C.J.). The lead opinion reasoned:

> [T]o be an "offer" the offer must propose to stipulate to the entry of a *judgment in a sum certain*. There is no latitude given in this rule for offers of judgment that culminate in something other than a "judgment for a sum certain." That is, it is nonconforming for the offer to require a reciprocal exchange of cash for the execution of a recordable real estate document culminating in a judgment of

dismissal with prejudice and without costs. For such an offer, the offer of judgment rule is simply inapplicable . . . . [*Id.*]

Justice YOUNG concurred in the result only, but reasoned that the offer could not be for a sum certain because it "required a quit claim deed in addition to the transfer of $3,000." *Id.* at 97 (YOUNG, J., concurring). See also *Best Fin Corp v Lake States Ins Co*, 245 Mich App 383, 386-388; 628 NW2d 76 (2001) (holding that the offer to settlement, which was "contingent upon a dismissal of the case with a Confidentiality Agreement and a termination of the relationship between" the parties, was an offer "to stipulate to entry of a judgment with conditions attached," and not an offer of judgment).

In this case, as part of the 2017 offer, Petersen Financial offered to stipulate to an entry of a monetary judgment in favor of defendants of $100 in satisfaction of Count I of its complaint and a monetary judgment in favor of defendants of $150 in satisfaction of Count III of its complaint. However, it also included language requiring defendants to agree to the entry of a recordable order declaring that no additional amounts were due and that the "asserted recorded instruments" were invalid against Petersen Financial's property. Given the clear imposition of an additional condition, the trial court did not err by finding that the offer was nonconforming for purposes of MCR 2.405.

Next, under the terms of the May 29, 2019, offer of judgment, plaintiffs offered to stipulate to entry of judgment in favor of defendants in the amount of $30,000 in satisfaction of all of its claims against defendants. But, in a parenthetical, it added that defendants had to agree to extinguish "all asserted special assessments" and to agree to the entry of a quiet title order in favor of Petersen Financial. Again, although Petersen Financial made an offer of judgment for a sum certain, it conditioned that offer upon defendants agreeing to the court's entry of a quiet title order in Petersen Financial's favor and their agreement to the extinguishment of the asserted special assessments. By conditioning acceptance of the offer on (1) an exchange of cash and (2) the defendants' acceptance of a quiet title order entered in Petersen Financial's favor, Petersen Financial did not make an offer for a sum certain under MCR 2.405.

In an attempt to distinguish the facts of the present case from those of *Knue*, Petersen Financial directs this Court to *McManus v Toler*, 289 Mich App 283; 810 NW2d 38 (2010), to argue that the emphasized language is permissible clarifying language that does not render MCR 2.405 inapplicable. In *McManus*, this Court considered whether the plaintiffs' offer of judgment involved "a reciprocal exchange or a condition." *Id.* at 288. The offer of judgment in *McManus* included a footnote stating that "[a]s a point of clarification, the $25,000 offer of judgment represents an amount to be paid to the Plaintiffs in addition to the original $300,000.00 purchase price for acquiring certain clients . . . ." *Id.* The *McManus* Court concluded that the language in the footnote did not render the offer conditional because it "merely acknowledged the outstanding balance on the business purchase and that the offer of judgment did not affect the outstanding obligation under that agreement." *Id.*

Here, unlike the footnote in *McManus*, which clarified aspects of the claim not covered by the offer of judgment, the language at issue requires defendants to agree to extinguishment of special assessments and the entry of recordable orders quieting title in favor of Petersen Financial.

As such, it plainly does more than clarify the scope of the offer. *McManus*, therefore, is not applicable in this case.

In sum, because the offers were not unconditional offers to stipulate to the entry of a judgment in a sum certain, the trial court did not err by denying Petersen Financial's motion for costs under MCR 2.405.[2]   However, we urge the Supreme Court to revisit the issue of whether MCR 2.405 can be applied to claims sounding in equity that cannot be resolved for a sum certain and instead require some other order declaring the rights of the parties.

Affirmed.  As the prevailing parties, defendants may tax costs under MCR 7.219(A).

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney

---

[2] Given our resolution, we need not address defendants' alternative arguments in favor of affirmance.